1  Anthony Schoenberg (State Bar No. 203714)
       aschoenberg@fbm.com
2  Deepak Gupta (State Bar No. 226991)
       dgupta@fbm.com
3  Farella Braun & Martel LLP
   235 Montgomery Street, 17th Floor
4  San Francisco, CA  94104
   Telephone:  (415) 954-4400
5  Facsimile:   (415) 954-4480

6  Attorneys for Defendant
   DANIEL PATRICK GORMAN
7  FRAMEBIRD MEDIA
   CHARLIE SEVEN, LLC

8

9                    UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11

12  GREGORY SHADE,                          Case No. CV 08-03471 (SI)

13              Plaintiff,                  **NOTICE OF MOTION, MOTION AND**
                                            **MEMORANDUM OF POINTS AND**
14        vs.                               **AUTHORITIES IN SUPPORT OF**
                                            **MOTION TO DISMISS PLAINTIFF'S**
15  DANIEL PATRICK GORMAN                   **COMPLAINT PURSUANT TO F.R.C.P.**
    individually and dong business as       **12(b)(6) AND ANTI-SLAPP MOTION TO**
16  CHARLIE SEVEN FILMS, LLC,               **STRIKE PURSUANT TO CALIFORNIA**
    FRAMEBIRD MEDIA, CHIP R.                **CODE § 425.16**
17  BEASLEY, and ANDREW ELLIS,
                                            Date:      October 10, 2008
18              Defendants.                 Time:      10:00 a.m.
                                            Judge:     Hon. Susan Illston
19                                          Dept:      Courtroom 10, 19th floor

20

21

22

23

24

25

26

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

NOTICE, MOTION & MPA ISO MOTION TO
DISMISS - Case No. CV 08-03471 (SI)

00808\1671751.3

1

2

# NOTICE OF MOTION AND MOTION

## TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

3    PLEASE TAKE NOTICE that on October 10, 2008 at 9:00 a.m., or as soon thereafter as

4 the matter may be heard, before the Honorable Susan Illston in Courtroom 10, 19th floor,

5 Defendants Daniel Patrick Gorman, Framebird Media and Charlie Seven Films, LLC ("Gorman")

6 will, and hereby do, move the Court: (1) for an order pursuant to Fed. R. Civ. P. 12(b)(6)

7 dismissing certain of Plaintiff's claims for failure to state a claim on which relief may be granted;

8 and (2) for an award of attorney's fees and costs pursuant to the California Anti-SLAPP statute,

9 because Plaintiff's state law claims are targeted to impair Gorman's exercise of his First

10 Amendment right to free speech, and these claims fail to state a claim on which relief may be

11 granted.

12    Gorman requests that this motion to dismiss be heard concurrently with Plaintiff's motion

13 for preliminary injunction, which is already on the Court's October 10 calendar.  Dkt. # 7.  As

14 there are overlapping issues between the subject matter of this motion and Plaintiff's motion for

15 preliminary injunction, it is in the interests of justice that both be heard together.  Furthermore,

16 consolidating these hearings will be more efficient for the court and parties.

17    This Motion is based on this Notice of Motion; the accompanying Memorandum of Points

18 and Authorities; the pleadings and other papers on file in this action; such matters of which this

19 Court may take judicial notice, and such further argument which may be presented at, before, or

20 in connection with the hearing on this Motion.

21

22

23

24

25

26

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

NOTICE, MOTION & MPA ISO MOTION TO
DISMISS - Case No. CV 08-03471 (SI)    - i -    00808\1671751.3

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ............................................................................................................. 1

II.   STATEMENT OF FACTS ............................................................................................... 2

    A.    Procedural Background ........................................................................................ 2

    B.    Allegations of Plaintiff's Complaint ................................................................... 2

        1.    Factual allegations.................................................................................... 2

        2.    Claims for Relief ...................................................................................... 3

III.  LEGAL STANDARD ....................................................................................................... 5

    A.    Dismissal Is Appropriate Under Federal Rule of Civil Procedure 12(b)(6)
        When a Plaintiff Fails to State a Claim Upon Which Relief Can Be Granted........ 5

    B.    The California Anti-SLAPP Statute is Recognized in Federal Court as a
        Special Motion to Strike, and Entitles a Defendant to Attorney's Fees and
        Costs.................................................................................................................... 6

IV.   VIRTUALLY ALL OF PLAINTIFF'S CLAIMS FAIL AS A MATTER OF LAW
    UNDER RULE 12(B)(6) ................................................................................................. 7

    A.    Because Plaintiff's Copyright Registrations Are Dated After the Alleged
        Infringement Commenced, Plaintiff's Claims for Statutory Damages and
        Attorney's Fees Fail as a Matter of Law (First Claim for Relief)......................... 7

    B.    Plaintiff's Request for "Injunction" Is Not Based on a Cognizable Legal
        Theory for Permanent Injunctive Relief. (Second Claim for Relief).................... 8

    C.    Plaintiff's Claim for Breach of Contract (Sixth Claim for Relief) Fails
        Because It Is Contradicted by the Plain Terms of the "Letter of Intent"
        Attached to the Complaint. .................................................................................... 9

    D.    Plaintiff's Claims Under the Computer Fraud and Abuse Act Fail (Eighth
        Claim for Relief) ................................................................................................. 11

        1.    Plaintiff Has Pled Himself Out of a Claim for Accessing a
            Computer Without Authorization ............................................................ 11

        2.    Plaintiff's Attempt to Toll the Statute of Limitations Fails ..................... 11

        3.    Plaintiff's Claim for Computer Fraud Should Also Be Dismissed
            For Failure to Plead Fraud with Particularity Under Rule 9(b) ............... 12

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

NOTICE, MOTION & MPA ISO MOTION TO
DISMISS - Case No. CV 08-03471 (SI)

- ii -

00808\1671751.3

1

**TABLE OF CONTENTS**
(continued)

2

Page

3   E.   Plaintiff's State Law Claims Alleging "Stolen Property" Should be
         Dismissed in their Entirety (Third, Fourth, Fifth, Seventh and Ninth Claims
4        for Relief) .................................................................................................. 13

5        1.   Plaintiff's Stolen "Intellectual Property" Claims Should Be
              Dismissed Under the Doctrine of Pre-Emption ....................................... 14
6
7        2.   Plaintiff's Stolen "Personal Property" Claims Should be Dismissed
              Under *Twombly* and the Applicable Statutes of Limitation ...................... 16

8   F.   Plaintiff's Claim for Conversion Should Be Dismissed For Multiple
         Additional Reasons (Seventh Claim for Relief) .................................................. 17
9
10  V.   THE ANTI-SLAPP STATUTE APPLIES AND PLAINTIFF IS ACCORDINGLY
         LIABLE FOR ATTORNEY'S FEES AND COSTS ...................................................... 18

11  A.   The California Anti-SLAPP Statute Applies in the Instant Case ......................... 18

12  B.   As Anti-SLAPP Applies, Defendants Are Entitled to Mandatory
         Attorney's Fees ................................................................................................... 19
13
    VI.  CONCLUSION ........................................................................................................... 19
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

NOTICE, MOTION & MPA ISO MOTION TO
DISMISS - Case No. CV 08-03471 (SI)      - iii -      00808\1671751.3

# TABLE OF AUTHORITIES

Page

## FEDERAL CASES

*Balistreri v. Pacifica Police Department*,
    901 F.2d 696 (9th Cir. 1988)...................................................................................... 5, 9

*Beau Rivage Resorts, Inc. v. Bel Aire Products*,
    2008 U.S. Dist. LEXIS 64083 (S.D. Miss. Aug. 19, 2008) ................................ 8

*Bell Atlantic Corp. v. Twombly*,
    127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) .......................................... 5, 12, 13, 16, 17, 18

*Braco v. MCI Worldcom Communications, Inc.*,
    138 F. Supp. 2d 1260 (C.D. Cal. 2001) ............................................................... 6

*Celestial Mechanix, Inc. v. Susquehanna Radio Corp.*,
    2005 U.S. Dist. LEXIS 7920 (C.D. Cal. Apr. 28, 2005).................................... 14, 15

*Concha v. London*,
    62 F.3d 1493 (9th Cir. 1995).................................................................................. 6

*Crump v. City & County of San Francisco*,
    2007 U.S. Dist. LEXIS 58768 (N.D.Cal. 2008)............................................... 6, 12

*In re Dynamic Random Access Memory Antitrust Litigation*,
    536 F. Supp. 2d 1129 (N.D. Cal. 2008) ............................................................... 6

*eBay, Inc. et al. v. MercExchange L.L.C*,
    547 U.S. 388 (2007)................................................................................................. 9

*Firoozye v. Earthlink Network*,
    153 F. Supp. 2d 1115 (N.D. Cal. 2001) ............................................................... 15

*Globetrotter Software, Inc. v. Elan Computer Group, Inc.*,
    63 F. Supp. 2d 1127 (N.D. Cal. 1999)] ............................................................... 18

*Google, Inc. v. Affinity Engines, Inc.*,
    2005 U.S. Dist. LEXIS 37369 (N.D. Cal. Aug. 12, 2005)................................ 7

*Harrison v. Westinghouse Savannah River Co.*,
    176 F.3d 776 (4th Cir. 1999)................................................................................. 12

*Howard v. Everex System*,
    228 F.3d 1057 ............................................................................................................ 13

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

NOTICE, MOTION & MPA ISO MOTION TO
DISMISS - Case No. CV 08-03471 (SI)

- iv -

00808\1671751.3

**TABLE OF AUTHORITIES**
(continued)

Page

*Idema v. Dreamworks, Inc.*,
   162 F. Supp. 2d 1129, 1193 (C.D. Cal. 2001) ................................................... 15

*King Automobile, Inc. v. Speedy Muffler King, Inc.*,
   667 F.2d 1008 (C.C.P.A. 1981) ....................................................... 12

*Klembeck v. GTE Corp.*,
   32 Fed. Appx. 410, 411 (9th Cir. 2002) ............................................... 10

*Miller v. IBM, Corp.*,
   138 Fed. Appx. 12 (9th Cir. 2005) ..................................................... 12

*Montgomery v. Etreppid Techs., LLC.*,
   2008 U.S. Dist. LEXIS 54339 (D. Nev. May 29, 2008) .................................. 16

*Moore v. Kayport Package Exp., Inc.*,
   885 F.2d 531 (9th Cir. 1989) ...................................................... 12, 13

*New.Net, Inc. v. Lavasoft*,
   356 F. Supp. 2d 1090 (C.D. Cal 2004) ................................................ 19

*Pareto v. Federal Deposit Insurance Corp.*,
   139 F.3d 696 (9th Cir. 1998) .......................................................... 6

*Shamrock Foods Co. v. Gast*,
   535 F. Supp. 2d 962 (D. Ariz. 2008) ................................................. 11

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 (9th Cir. 2001) ......................................................... 10

*In re Syntex Corp. Sec. Litigation*,
   95 F.3d 922 (9th Cir. 1996) ........................................................... 6

*Unisys Corp. v. Varilease Technology Group, Inc.*,
   1999 U.S. Dist. LEXIS 21959 .......................................................... 15

*U. S. ex rel v. Lockheed Missiles and Space Co.*,
   190 F. 3d 963 (9th Cir. 1999) .......................................................... 6

*Vess v. Ciba-Geigy Corp.*,
   317 F.3d 1097 (9th Cir. 2003) ............................................... 6, 7, 18, 19

*Western Mining Council v. Watt*,
   643 F.2d 618 (9th Cir. 1981) ........................................................... 6

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

NOTICE, MOTION & MPA ISO MOTION TO
DISMISS - Case No. CV 08-03471 (SI)

- v -

00808\1671751.3

# TABLE OF AUTHORITIES
### (continued)

**Page**

## STATE CASES

*Aureflam Corp. v. Pho Hoa Phat I, Inc.,*
 2005 WL. 2253813 (N.D. Cal. Sept. 16, 2005) .............................................................. 12

*Beck v. America Health Group Internat.,*
 211 Cal. App. 3d 1555 (Cal. App. 2d Dist. 1989) ........................................................ 10

*Cruey v. Gannett Co., Inc.,*
 29 Cal. App. 4th 356 (1998) .......................................................................................... 10

*Ketchum v. Moses,*
 24 Cal. 4th 1122 (2001) ................................................................................................. 19

*Liu v. Moore,*
 69 Cal. App. 4th 745 (1999) .......................................................................................... 19

*Major v. Silna,*
 134 Cal. App. 4th 1485 (2005) ...................................................................................... 19

*Rosenaur v. Scherer,*
 88 Cal. App. 4th 260 (2001) .......................................................................................... 19

*Traditional Cat Ass'n Inc. v. Gilbreath,*
 118 Cal. App. 4th 392 (2004) ........................................................................................ 19

## FEDERAL STATUTES

17 U.S.C. § 102(a)(6) ............................................................................................................... 14

17 U.S.C. § 106(1) .................................................................................................................... 15

17 U.S.C. § 107 ........................................................................................................................... 8

17 U.S.C § 301 .......................................................................................................................... 14

17 U.S.C. § 412 ................................................................................................................... 1, 7, 8

17 U.S.C. § 503 ......................................................................................................................... 16

18 U.S.C. § 1030 ............................................................................................................. 5, 11, 12

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

NOTICE, MOTION & MPA ISO MOTION TO
DISMISS - Case No. CV 08-03471 (SI)

- vi -

00808\1671751.3

## TABLE OF AUTHORITIES
(continued)

Page

Fed. R. Civ. P. 9(b) ........................................................................... 1, 6, 12, 13

Fed. R. Civ. P. 12(b)(6) ......................................................................... 1, 5, 6, 7

## STATE STATUTES

Cal. Civ. Proc. Code § 337 ................................................................................ 10

§ 338(c) ............................................................................ 17

§ 425.16 ............................................................................. 7

§425.17(d)(2) ..................................................................... 18

## OTHER AUTHORITIES

Schwartzer, Tashima & Wagstaffe, CAL. PRAC. GUIDE: FED CIV. PRO. BEFORE TRIAL §
    13:44.1 (The Rutter Group 2008) ...................................................... 9

Sen. Com. On Judiciary, Analysis of Sen. Bill No. 515 ............................................ 18

1 Nimmer, NIMMER ON COPYRIGHT § 1.01 ...................................... 14, 15, 16

1 Nimmer, NIMMER ON COPYRIGHT § 7.16 ....................................................... 7

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

NOTICE, MOTION & MPA ISO MOTION TO
DISMISS - Case No. CV 08-03471 (SI)

- vii -

00808\1671751.3

1

### MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    INTRODUCTION

3    Each of Plaintiff's claims for relief suffers from severe defects that warrant dismissal as a

4    matter of law under Rule 12(b)(6).  Plaintiff's claim for statutory damages and attorney's fees for

5    copyright infringement is barred as a matter of black letter law under 17 U.S.C. § 412 because

6    Plaintiff has alleged infringement commencing prior to Plaintiff's registration with the Copyright

7    Office.  Plaintiff's claim for injunction overlooks the fair use provisions of the Copyright Act and

8    violates Supreme Court precedent that establishes the requirements for an intellectual property

9    injunction.

10    Plaintiff's state law claims are also barred.  The breach of contract claim fails because it is

11    contradicted by the plain terms of the Letter of Intent on which it is based, which letter Plaintiff

12    attached to his Complaint. Plaintiff's other state law claims fail for two reasons: 1) to the extent

13    those claims seek redress for misappropriation of "intellectual property," they are pre-empted by

14    Federal copyright law; 2) to the extent they seek redress regarding "personal property," they are

15    barred by California's three year statute of limitations (the events at issue are alleged to have

16    occurred over 5 years ago).

17    Plaintiff fails to state a claim under the Federal Computer Fraud and Abuse Act because

18    this claim for relief contradicts his factual allegations, the statute of limitations has run, and he

19    fails to plead in accordance with the heightened standard of Federal Rule of Civil Procedure 9(b).

20    Federal courts apply the California Anti-SLAPP statute to award attorney's fees and costs

21    where a Defendant demonstrates that a Plaintiff's state law claims arise from First Amendment

22    protected activity, and where Plaintiff fails to demonstrate a probability that he will prevail.  A

23    lack of probability of success is established where state law claims fail to survive a motion to

24    dismiss under Rule 12(b)(6), or where Plaintiff fails to meet his burden of showing that his claims

25    possess substantial merit.  Because Plaintiff seeks damages and an injunction for a short movie

26    that relates to the events of September 11, 2001 and the subsequent war on terrorism, the First

27    Amendment and public interest aspect of this case is essentially undisputed.  It has in fact been

28    admitted by Plaintiff in his Complaint.  For the reasons summarized above and detailed below,

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

NOTICE, MOTION & MPA ISO MOTION TO
DISMISS - Case No. CV 08-03471 (SI)                    - 1 -                    00808\1671751.3

1   Plaintiff's state law claims cannot survive a motion to dismiss and he cannot meet his burden of

2   showing substantial merit.  For these reasons, an award of attorney's fees and costs in favor of

3   Defendants is mandatory.

4   **II.**    **STATEMENT OF FACTS**

5        **A.**    **Procedural Background.**

6        On July 18, 2008, Plaintiff Gregory Shade filed a complaint against Defendants Daniel

7   Patrick Gorman (dba Charlie Seven Films, LLC and Framebird Media) (collectively, "Gorman"),

8   Chip Beasley and Andrew Ellis.  Gorman filed an *ex parte* application to extend time to respond

9   to the complaint on August 11.  Dkt. # 17.  The Court granted this request on August 14, granting

10   Gorman until September 5, 2008 to respond.[1]  Gorman now files this motion to dismiss claims for

11   relief under rule 12(b)(6) and for relief under the California Anti-SLAPP statute.

12        **B.**    **Allegations of Plaintiff's Complaint.**

13           **1.**    **Factual allegations.**

14        Plaintiff alleges that he is the creator and owner of footage and still photographs from the

15   Middle East and Central Asia taken following the events of September 11, 2001.  Plaintiff alleges

16   he made "courageous efforts" in those regions "to bring Osama bin Ladin to justice."  Dkt. # 1

17   (Complaint ¶¶ 12-13).[2]  An *SF Weekly* news story attached to the complaint states, "[h]e had

18   filmed himself riding on camelback through Taliban-controlled territory, distributing thousands of

19   'wanted' posters and T-shirts identifying terrorists such as Osama bin Laden."  ¶ 28, Ex. B,

20   ("Osama Hunter…"). Plaintiff alleges that his story was so noteworthy that *60 Minutes*

21   "broadcast a segment featuring [his] work, fighting terrorists, on national television."  He states

22   that his story was profiled in the *New York Post*, and *The Wall Street Journal*.

23        Owing to the public interest in his story, Plaintiff entered into an alleged agreement with

24   Gorman to compile and edit his footage into a documentary film.  ¶¶ 14-15.  Plaintiff alleges that

25

---

26   [1] On July 24, Plaintiff filed a motion for preliminary injunction, which is scheduled to be heard on

27   October 10.  Dkt. # 7.  As noted in the Notice of Motion above, Gorman requests that the instant motion be heard concurrently with Plaintiffs' motion for preliminary injunction.

28   [2] Hereinafter, references of the form "¶ __" shall refer by default to the Complaint in this action.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

NOTICE, MOTION & MPA ISO MOTION TO
DISMISS - Case No. CV 08-03471 (SI)   - 2 -   00808\1671751.3

the parties entered into a Letter of Intent ("LOI") regarding their proposed collaboration, which is attached to the Complaint.  ¶ 14, Ex. A.  That document, having signatures dated March 15, 2003, states:

> This agreement demonstrates good faith intent between the two parties (Greg Shade) and (Daniel Gorman) until a full and comprehensive contract is drafted and signed by both parties within *one week* of the signing of this document.

LOI ¶ 5 (emphasis added).  Plaintiff does not allege that a "full and comprehensive contract" was ever drafted or signed by the parties.

Plaintiff alleges the parties collaborated for "several months."  ¶ 18.  As part of the collaboration, Plaintiff gave defendant access to footage and still photographs from his time in the Middle East and Central Asia.  ¶¶15-16.  As a part of their collaboration, Gorman proposed plots and content scenarios, including a treatment entitled "For Love of Country."  Plaintiff alleges that he then terminated his business dealings with Gorman.  ¶ 20-22.  Plaintiff alleges that Gorman "surreptitiously retained copies of the raw video footage," "removed computer files…and copies of all writings and agreements between Plaintiff and Defendant Gorman," ("Stolen Property") and "damaged components of [a] computer."  ¶ 23-25.

Plaintiff states that in January 2008, when Plaintiff discovered that Gorman had created a movie entitled "American Hero," he realized Gorman had "retained the video footage and still photographs for Defendants' own improper use, benefit and profit."  ¶ 26.  Plaintiff alleges that Gorman showed the movie "American Hero" at the *San Francisco Indie Film Festival* on February 17, 2008.  ¶ 29.

## 2.    Claims for Relief.

The complaint alleges two federal causes of action: copyright infringement and violation of the computer fraud and abuse act.  It recites several state law claims.  These include claims for: accounting, unjust enrichment, breach of contract and conversion.  Three "claims for relief" are actually requests for remedy: "injunction," "seizure, impoundment and return" and "replevin – claim and delivery."  These claims state what Plaintiff wants but not what Defendants did.  All but the two federal claims and the breach of contract claim request relief regarding what Plaintiff vaguely styles his "intellectual and/or personal property".  Plaintiffs' claims are described in more

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

NOTICE, MOTION & MPA ISO MOTION TO
DISMISS - Case No. CV 08-03471 (SI)                - 3 -                                          00808\1671751.3

1    detail below.

2        ***First Claim for Relief – Copyright Infringement.***  Plaintiff alleges that a portion of

3    copyrighted material that he owns was incorporated into "American Hero" without his

4    authorization or consent.  ¶ 31-32.  Plaintiff claims that he obtained registration for his copyrights

5    in June of 2008, well after the alleged February 17, 2008 screening date of "American Hero."

6    Plaintiff makes a claim for actual and statutory damages and attorney's fees and costs. ¶¶ 33, 39.

7        ***Second Claim for Relief – Injunction.***  Styled as a claim for relief, this is actually a

8    request for a remedy.  Plaintiff requests a sweeping permanent injunction against use of his

9    alleged footage "in any way, shape or form."  ¶ 43.

10       ***Third Claim for Relief – Seizure, Impoundment and Return.***  Styled as a claim for relief,

11   this is actually a request for a remedy regarding Plaintiff's alleged "intellectual and/or personal

12   property."  ¶ 52.

13       ***Fourth Claim for Relief – Accounting to Recover Royalties and Profits.***  This is a

14   request for disgorgement of profits for the alleged use of Plaintiff's "intellectual and/or personal

15   property."  ¶ 57.

16       ***Fifth Claim for Relief – Unjust Enrichment.***  This is an additional request for

17   disgorgement regarding Plaintiff's alleged "intellectual and/or personal property".  ¶ 61.

18       ***Sixth Claim for Relief – Breach of Contract.***   Plaintiff's breach of contract claim is

19   based on the parties' alleged "Letter of Intent," which by its express terms only obligated the

20   parties to negotiate in "good faith" for a "one week" period of time toward a "full and

21   comprehensive contract."  Complaint Ex. A ("LOI") ¶ 5.  This document has signatures dated

22   March 2003, and, even though this agreement manifests a one-week term, Plaintiff alleges

23   breaches of this contract in connection with the publication and distribution of "American Hero,"

24   events that are alleged to have occurred in February 2008.  ¶ 29.

25       ***Seventh Claim for Relief – Conversion.***  This is an additional state law claim for relief

26   regarding Plaintiff's alleged "intellectual and/or personal property."  ¶ 74.  This claim is based on

27   Plaintiff's allegation that Defendant entered Plaintiff's property without authorization and

28   removed property.  ¶ 74.  This allegation contradicts Plaintiff's earlier factual allegation that he

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

NOTICE, MOTION & MPA ISO MOTION TO
DISMISS - Case No. CV 08-03471 (SI)

- 4 -

00808\1671751.3

1  authorized entry and utilization of Plaintiff's computer.  *Compare* ¶ 23 ("Plaintiff gave Defendant

2  Gorman permission to enter Plaintiff's vacation home to utilize his personal computer,") and ¶ 74

3  ("without authorization").  This claim contains an allegation of fraud, pled without any detail or

4  supporting facts. ¶ 78 ("fraudulent").

5        ***Eighth Claim for Relief – Violation of the Computer Fraud and Abuse Act.***  This claim

6  alleges violation of 18 U.S.C. § 1030.  The claim alleges on information and belief that Defendant

7  "accessed Plaintiff's protected laptop computer without authorization with the intent to defraud

8  and remove information…"  ¶ 82. This allegation contradicts Plaintiff's earlier factual allegation

9  that "Plaintiff gave Defendant Gorman permission to enter Plaintiff's vacation home to utilize his

10  personal computer." ¶ 23.  It further alleges damage to Plaintiff's computer.  Plaintiff alleges he

11  did not learn of the "unauthorized access…until the publication of Defendant's documentary

12  film."  ¶ 84.  Thus, Plaintiff alleges that watching "American Hero," which allegedly incorporated

13  his footage and photographs, made him realize that Gorman had committed a CFAA violation.

14        ***Ninth Claim for Relief – Replevin – Claim and Delivery.***  Styled as a claim for relief, this

15  is actually a request for a remedy regarding Plaintiff's alleged "intellectual and/or personal

16  property" and "Stolen Property."  ¶ 87.  This claim is in fact redundant to Plaintiff's Third Claim

17  for Relief (seizure).[3]

18  **III.    LEGAL STANDARD**

19        **A.    Dismissal Is Appropriate Under Federal Rule of Civil Procedure 12(b)(6)**
         **When a Plaintiff Fails to State a Claim Upon Which Relief Can Be Granted.**
20

21        A Rule 12(b)(6) motion tests the legal sufficiency of a claim or claims asserted in the

22  Complaint.  *See id.*  Dismissal can be based either on the "lack of a cognizable legal theory" or

23  the "absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica*

24  *Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).  "In order to survive a dismissal motion [] a

25  plaintiff must allege facts that are enough to raise his/her right to relief 'above the speculative

26  _____

[3] The "Demand" portion of Plaintiff's complaint, starting at pages 12-13 contains a number of
27  requests for remedies.  The remedies requested in the Demand do not match the remedies
requested in the claims for relief.  This appears to be an error.  The Demand section Plaintiff's
28  complaint should be dismissed.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

NOTICE, MOTION & MPA ISO MOTION TO
DISMISS - Case No. CV 08-03471 (SI)    - 5 -    00808\1671751.3

1  level.'. . . it is 'a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief [which]

2  requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

3  action will not do.' *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929

4  (2007)" *In re Dynamic Random Access Memory Antitrust Litig.,* 536 F. Supp. 2d 1129 (N.D.Cal.

5  2008).  "In pleading sufficient facts, however, a plaintiff must suggest his or her right to relief is

6  more than merely conceivable, but plausible on its face." *Crump v. City & County of San*

7  *Francisco,* 2007 U.S. Dist. LEXIS 58768 (N.D.Cal. 2008) (*citing Twombly* outside of anti-trust

8  context).

9       In determining whether dismissal is appropriate, a Court must accept as true all material

10  allegations in the Complaint as well as reasonable inferences to be drawn from them.  *Pareto v.*

11  *Federal Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998); *Concha v. London*, 62 F.3d 1493,

12  1500 (9th Cir. 1995).  The Court need not, however, "accept as true unreasonable inferences,

13  unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual

14  allegations."  *Braco v. MCI Worldcom Communications, In*c., 138 F. Supp. 2d 1260, 1267 (C.D.

15  Cal. 2001); *see also In re Syntex Corp. Sec. Litig*., 95 F.3d 922, 926 (9th Cir. 1996) (conclusory

16  allegations of law are not sufficient to defeat a motion to dismiss under Fed. R. Civ. P. 12(b)(6));

17  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) ("We do not, however,

18  necessarily assume the truth of legal conclusions merely because they are cast in the form of

19  factual allegations.").

20  **B.**    **The California Anti-SLAPP Statute is Recognized in Federal Court as a**
       **Special Motion to Strike, and Entitles a Defendant to Attorney's Fees and**
21     **Costs.**

22       Beginning with *Newsham, US ex rel v. Lockheed Missiles and Space Co.,* 190 F.3d 963

23  (9th Cir. 1999), the California Anti-SLAPP Statute, Cal.Civ.Proc. §425.16, has been applied in

24  federal courts as a special motion to strike causes of action that are brought to discourage exercise

25  of constitutional rights of free speech.   The procedure is described in *Vess v. Ciba-Geigy Corp.,*

26  317 F.3d 1097 (9th Cir. 2003):

27       Specifically, California's anti-SLAPP statute allows a defendant to move to strike
       a plaintiff's complaint if it 'arises from any act of that person in furtherance of
28     the person's right of petition or free speech under the United States or California

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

NOTICE, MOTION & MPA ISO MOTION TO
DISMISS - Case No. CV 08-03471 (SI)          - 6 -                    00808\1671751.3

1    Constitution in connection with a public issue.' Cal. Civ.Proc. Code §
     425.16(b)(1). The California legislature has instructed that the statute should be
2    'construed broadly.' *Id.* § 425.16(a). Motions to strike a state law claim under
     California's anti-SLAPP statute may be brought in federal court. . .
3
     A court considering a motion to strike under the anti-SLAPP statute must engage
4    in a two-part inquiry.  First, a defendant 'must make an initial prima facie
     showing that the plaintiff's suit arises from an act in furtherance of the
5    defendant's rights of petition or free speech,' … A protected act of free speech
     includes "any written or oral statement or writing made in a place open to the
6    public or a public forum in connection with an issue of public interest,"  and "any
     other conduct in furtherance of the exercise of the constitutional right of petition
7    or the constitutional right of free speech in connection with a public issue or an
     issue of public interest."
8

9    *Vess,* 317 F.3d at 1109-10 (int. cit. omitted).  "Second, once the defendant has made a prima facie

10   showing, 'the burden shifts to the plaintiff to demonstrate a probability of prevailing on the

11   challenged claims." *Id.*  Where a Plaintiff's claims are dismissed as a matter of law under Rule

12   9(b) or Rule 12(b)(6) he "cannot demonstrate a probability that [he] will prevail on [his] claim."

13   *Id.*

14          As explained below this two-part inquiry is satisfied in the instant case.  Plaintiff's suit

15   arises from Defendant Gorman's alleged creation, publication and use of a documentary film

16   entitled "American Hero." This movie satisfies the First Amendment / public issue prong of the

17   Anti-SLAPP test.  For the reasons explained below, Plaintiff cannot meet his burden to

18   demonstrate a probability of prevailing on his state law claims.

19   **IV.    VIRTUALLY ALL OF PLAINTIFF'S CLAIMS FAIL AS A MATTER OF LAW
            UNDER RULE 12(B)(6)**
20
            **A.    Because Plaintiff's Copyright Registrations Are Dated After the Alleged
21                  Infringement Commenced, Plaintiff's Claims for Statutory Damages and
                    Attorney's Fees Fail as a Matter of Law (First Claim for Relief).**
22

23          Plaintiff is precluded from obtaining statutory damages and attorney's fees for copyright

24   infringement as a matter of law, because the allegedly infringed works were registered after the

25   alleged infringement commenced.  ¶¶ 38, 39.

26          "By reason of [17 U.S.C.] Section 412, in order for a copyright owner to be entitled to

27   recover statutory damages and attorney's fees, the work must have been registered prior to

28   commencement of the infringement for which such remedies are sought."  1 Nimmer, NIMMER ON

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

NOTICE, MOTION & MPA ISO MOTION TO
DISMISS - Case No. CV 08-03471 (SI)                - 7 -                          00808\1671751.3

1    COPYRIGHT (Hereinafter "Nimmer") § 7.16(C)(1).  *See e.g., Google, Inc. v. Affinity Engines, Inc.*,

2    2005 U.S. Dist. LEXIS 37369, at *17 (N.D. Cal. Aug. 12, 2005) ("Defendant argues correctly

3    that because Plaintiff registered its copyright well after Defendant's alleged infringement and

4    publication of the allegedly infringing work, 17 U.S.C. § 412 prohibits any award of attorneys'

5    fees."); *Beau Rivage Resorts, Inc. v. Bel Aire Prods.*, 2008 U.S. Dist. LEXIS 64083, at *7 (S.D.

6    Miss. Aug. 19, 2008) ("Because Tarragon's original complaint asserts that the alleged infringing

7    conduct had begun at least by early 2007, and the effective date of the registration is well after

8    that date, the claims for statutory damages and attorneys fees should be dismissed.")

9         The Complaint alleges infringement of copyrights in material having alleged effective

10   registration dates of June 17, 2008 and June 30, 2008.  ¶ 33 (alleging infringement of

11   PAu003348109 and VAu000962682).  Plaintiff alleges infringement in February 2008, when a

12   short movie was allegedly shown at the at the "San Francisco Indie Film Festival."  ¶ 29.  As this

13   alleged infringement commenced well before the earliest alleged registration date, June 17, 2008,

14   Plaintiff cannot obtain statutory damages or attorney's fees, as a matter of black letter law.  The

15   claims for relief in Complaint ¶¶ 38 and 39 fail.

16
17                   **B.    Plaintiff's Request for "Injunction" Is Not Based on a Cognizable Legal
                          Theory for Permanent Injunctive Relief. (Second Claim for Relief).**

18        Plaintiff's request for a permanent injunction against reproducing and distributing

19   "copyrighted materials," fails to present a cognizable legal theory supporting an injunction.  ¶ 43.

20   Plaintiff requests a permanent injunction against use of his alleged footage "in any way, shape or

21   form." *Id.*  Such a claim for injunction is manifestly overbroad, as the Copyright Act expressly

22   provides a fair use exception.  Under 17 U.S.C. § 107, "use by reproduction in copies or

23   phonorecords or by any other means specified by that section, for purposes such as criticism,

24   comment, news reporting, teaching (including multiple copies for classroom use), scholarship, or

25   research, is not an infringement of copyright."  Because it seeks to enjoin use "in any way, shape

26   or form," the injunction claim sweeps into the realm of protected fair use and accordingly fails to

27   state a claim on which relief can be granted.  It should be dismissed for this reason.

28        Furthermore, Plaintiff's claim for injunction completely overlooks the Supreme Court's

- 8 -            00808\1671751.3

1   ruling in *eBay, Inc. et al. v. MercExchange L.L.C*, 547 U.S. 388, 391 (2006). To obtain an

2   injunction in an intellectual property case, a plaintiff must show "(1) that it has suffered an

3   irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate

4   to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff

5   and defendant, a remedy in equity is warranted; and (4) that the public interest would not be

6   disserved by a permanent injunction."  This standard applies in the copyright context.  Schwarzer,

7   Tashima & Wagstaffe, CAL. PRAC. GUIDE: FED CIV. PRO. BEFORE TRIAL § 13:44.1 (The Rutter

8   Group 2008) ("The traditional four part test governs injunctive relief generally, including disputes

9   arising under the Patent Act and the ***Copyright Act***.") (emphasis added).

10       Plaintiff's allegations that he "will suffer irreparable injury" and he "has no adequate

11   remedy at law," are supported by no facts whatsoever.  Moreover, Plaintiff does not even mention

12   the balance of hardships and public interest elements of the Supreme Court's test for an

13   injunction.  Accordingly, the Complaint is marked by a complete "absence of sufficient facts

14   alleged under a cognizable legal theory," to sustain a claim for injunction. *Balistreri*, 901 F.2d at

15   699.

16       This claim for relief should be dismissed.

17   **C.    Plaintiff's Claim for Breach of Contract (Sixth Claim for Relief) Fails
         Because It Is Contradicted by the Plain Terms of the "Letter of Intent"**
18       **Attached to the Complaint.**

19       Plaintiff's breach of contract allegations fail to state a claim. These allegations are rooted

20   in the parties' alleged LOI.  Complaint Ex. A; *see* ¶ 66 (parties "entered into an agreement

21   memorialized as the written 'Letter of Intent' to work together to use Plaintiff's video footage and

22   still photographs to produce a documentary film.")  By its plain terms, the LOI, signed in 2003,

23   was a non-binding agreement to negotiate in good faith for a one week period of time.  It did not

24   impose obligations lasting for five years through 2007 and into 2008 as Plaintiff has alleged.  ¶¶

25   67-69 (alleging breaches of "Letter of Intent" due to alleged recent acts of Defendant in

26   connection with "American Hero").

27       The LOI expressly states, "This agreement demonstrates good faith intent between the two

28   parties (Greg Shade) and (Daniel Gorman) *until a full and comprehensive contract is drafted and*

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

NOTICE, MOTION & MPA ISO MOTION TO
DISMISS - Case No. CV 08-03471 (SI)          - 9 -                    00808\1671751.3

1    *signed by both parties within one week of the signing of this document.*"  LOI ¶ 5 (emphasis

2    added).  Thus, on its face, the LOI was nothing more than an agreement to negotiate that stood to

3    be superseded by a "comprehensive contract…within one week."  Plaintiff does not allege that

4    Gorman failed to negotiate in good faith in that one week period.  Indeed, the statute of

5    limitations to claim a breach of the LOI in that one week period of time starting on March 15,

6    2003, has long since passed.  Cal. Civ. Proc. Code § 337 (four year statute of limitations for

7    breach of contract).  Instead, Plaintiff hopes to extend the obligations of peripheral terms of the

8    LOI over a five year span of time.  This attempt must fail.

9         "Whether a writing constitutes a final agreement or merely an agreement to make an

10   agreement depends primarily upon the intention of the parties… The objective intent as evidenced

11   by the words of the instrument, not the parties' subjective intent, governs our interpretation."

12   *Beck v. Am. Health Group Internat.*, 211 Cal. App. 3d 1555, 1562-63 (Cal. App. 2d Dist. 1989)

13   (parties' contemplation of "future agreement" and "completed contract and operating unit in the

14   very near future" "manifest an intention of the parties that no binding contract would come into

15   being until the terms of the letter were embodied in a formal contract…").  The LOI expresses the

16   parties' good faith intent for a one-week period in which they would negotiate toward "a full and

17   comprehensive contract."  LOI ¶ 5.  This good faith intent to negotiate until a future final

18   agreement was "drafted and signed by both parties" makes the other terms of the LOI non-

19   binding, as in *Beck*.  *Id.*

20        As the express one week time limit in the LOI controls, this claim for relief fails.

21   *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (on a 12(b)(6) motion, a

22   court does not need to accept as true allegations that are contradicted by "matters properly subject

23   to judicial notice or by exhibit").  *Klembeck v. GTE Corp.*, 32 Fed. Appx. 410, 411 (9th Cir.

24   2002) ("Because the express contractual terms control, the plaintiffs' implied contract claim was

25   properly dismissed.); *Cruey v. Gannett Co., Inc.*, 64 Cal. App. 4th 356, 362, 76 Cal. Rptr. 2d 670

26   (1998).  As a one week LOI simply cannot form the basis for the imposition of obligations on a

27   Defendant five years after it was signed, this claim for relief should be dismissed.

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

NOTICE, MOTION & MPA ISO MOTION TO
DISMISS - Case No. CV 08-03471 (SI)          - 10 -                    00808\1671751.3

**D.** **Plaintiff's Claims Under the Computer Fraud and Abuse Act Fail (Eighth Claim for Relief).**

**1.** **Plaintiff Has Pled Himself Out of a Claim for Accessing a Computer Without Authorization.**

Claims under the Computer Fraud and Abuse Act ("CFAA") can be for "intentionally access[ing] a computer without authorization," or "exceed[ing] authorized access." 18 U.S.C. § 1030(a)(2). "[A] violation for accessing 'without authorization' occurs only where initial access is not permitted. And a violation for 'exceeding authorized access' occurs where initial access is permitted but the access of certain information is not permitted." *Shamrock Foods Co. v. Gast*, 535 F. Supp. 2d 962, 967 (D. Ariz. 2008). Here Plaintiff has only made an accessing "without authorization" claim. *See* ¶ 82. However, Plaintiff has alleged facts admitting that *initial access of his computer system was authorized*. Indeed, "Plaintiff gave Defendant Gorman permission to enter Plaintiff's vacation home to utilize his personal computer." ¶ 23. As the alleged initial access was admittedly authorized, Plaintiff fails to state a claim for accessing "without authorization."

**2.** **Plaintiff's Attempt to Toll the Statute of Limitations Fails.**

Even if Plaintiff could state a claim for accessing without authorization, which he has not done, the two year statute of limitations under the CFAA has run on this claim. The statute provides "No action may be brought under this subsection unless such action is begun within 2 years of the date of the act complained of or the date of the discovery of the damage." 18 U.S.C. § 1030(g). Plaintiff alleges that the acts occurred in 2003, five years ago. Thus this action was not "begun within 2 years of the date of the act complained of…" To attempt to toll the statute, Plaintiff makes a conclusory allegation that he did not "learn the extent of [sic] the property obtained of [sic] Defendant Gorman as a result of his unauthorized access of Plaintiff's invasion of his [sic] protected computer system until the publication of Defendant's documentary film." ¶ 84 (emphasis added). This tolling allegation is highly implausible. Plaintiff could not have discovered a CFAA violation based on a viewing of "American Hero," because according to Plaintiff's allegations this film was "based on Plaintiff's raw and compiled video footage and still

photographs" (¶ 29) *and* Plaintiff provided *authorized* access to each of these bodies of material

to Defendant as a part of their ongoing collaboration, separate and apart from--and well before--

the alleged CFAA incident. ¶ 14 ("Plaintiff entered into an agreement with Defendant

Gorman…to produce a documentary film using Plaintiff's raw video footage."); ¶ 15 (authorized

Defendant to create compiled video footage); ¶ 16 (authorization to use "Plaintiff's still

photographs"); ¶ 23 (*later* authorizing use of laptop in alleged CFAA incident). As Plaintiff has

alleged that Gorman had previous authorized access to the material on which "American Hero"

was allegedly based, Plaintiff's viewing of "American Hero" could not have resulted in the

talismanic discovery of a CFAA violation. As this allegation is implausible on its face, the

attempt to toll the exceeding authorized access claim fails for this additional reason. *Crump,*

2007 U.S. Dist. LEXIS 58768 (N.D.Cal. 2008) (citing *Twombly* "plaintiff must suggest his or her

right to relief is more than merely conceivable, but plausible on its face.").

### 3.    Plaintiff's Claim for Computer Fraud Should Also Be Dismissed For Failure to Plead Fraud with Particularity Under Rule 9(b).

Plaintiff fails to plead fraud with the requisite degree of particularity. "In all averments of

fraud or mistake, the circumstances constituting fraud or mistake shall be stated with

particularity." *King Auto., Inc. v. Speedy Muffler King, Inc.*, 667 F.2d 1008, 1010 (C.C.P.A.

1981). "Rule 9(b) requires that the pleadings contain explicit rather than implied expression of the

circumstances constituting fraud." *Id.* One of the purposes of this heightened pleading

requirement is to ensure "that the defendant has sufficient information to formulate a defense by

putting it on notice of the conduct complained of." *Harrison v. Westinghouse Savannah River

Co.*, 176 F.3d 776, 784 (4th Cir. 1999). Pleadings should specify the "time, place, and nature of

the alleged fraudulent activities." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th

Cir. 1989); *Aureflam Corp. v. Pho Hoa Phat I, Inc.*, 2005 WL 2253813, at *2 (N.D. Cal. Sept. 16,

2005).

Rule 9(b) applies to *all* allegations of fraud, including those under CFAA. *See Miller v.

IBM, Corp.*, 138 Fed. Appx. 12 (9th Cir. 2005) (applying Rule 9(b) to CFAA). Elements of the

CFAA include conduct that "furthers [an] intended fraud." 18 U.S.C. § 1030(a)(4); *Miller*, 138

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

NOTICE, MOTION & MPA ISO MOTION TO
DISMISS - Case No. CV 08-03471 (SI)                - 12 -                00808\1671751.3

Fed. Appx. at 12.  Plaintiff's CFAA allegations merely restate the legal standard for the CFAA

and provide no particularity as to the fraud that was furthered:

> On information and belief, Plaintiff alleges that Defendant Gorman
> accessed Plaintiff's protected laptop computer without Plaintiff's
> authorization with the intent to defraud and remove information
> relating to Plaintiff's business affairs…

¶ 82.  Such a conclusory recitation of the elements of the CFAA does not even satisfy Rule 8.

*Twombly,* 127 S. Ct. at 1964-65 ("a formulaic recitation of the elements of a cause of action will

not do.").  From a Rule 9(b) point of view, this allegation fails to plead *any* of the elements of the

alleged fraud.  Plaintiff has not even identified a fraudulent misrepresentation by Gorman, let

alone reasonable reliance or harm caused by the alleged fraud.  Such conclusory allegations do

not satisfy Rule 9(b), because Plaintiff is obligated to provide at least the "time, place, and nature

of the alleged" fraud that Gorman intended to further.  *Moore*, 885 F.2d at 540.  Plaintiff's

allegations do not permit Defendant to meaningfully answer the CFAA allegations.

#### E.    Plaintiff's State Law Claims Alleging "Stolen Property" Should be Dismissed in their Entirety (Third, Fourth, Fifth, Seventh and Ninth Claims for Relief).

Throughout the Complaint, in connection with a number of claims for equitable relief,

Plaintiff refers to the notion of "Stolen Property."  *See e.g.* Claims for Relief 3 ("Seizure,

Impoundment and Return") (¶ 48, 50-52), 4 ("Accounting to Recover Royalties and Profits") (¶

55), 5 ("Unjust Enrichment") (¶ 60), 7 ("Conversion") (¶ 74, 76-77) and 9 ("Replevin- Claim and

Delivery") (¶ 87).  "Stolen Property" is defined as "intellectual and/or personal property created

by and belonging to Plaintiff, residing in or on Plaintiff's computer systems."  ¶ 25.  The

complaint sometimes refers simply to "Plaintiff's intellectual or personal property"  *See e.g.*

Claims for Relief 3 (¶ 48 and 50), 4 (¶ 55), 5 (¶ 60, 61) and 7 (¶ 74) and 9 (¶ 87).  To the extent

these state law claims seek relief in relation to intellectual property, they are pre-empted by

Federal copyright law.  To the extent they seek relief in relation to personal (i.e. tangible)

property, they are subject to California's three year statute of limitations for claims relating to

personal property.  Combining these two grounds for dismissal, there is nothing left of these

stolen property claims, and they should be dismissed in their entirety.

NOTICE, MOTION & MPA ISO MOTION TO
DISMISS - Case No. CV 08-03471 (SI)                - 13 -                00808\1671751.3

1

**1.    Plaintiff's Stolen "Intellectual Property" Claims Should Be Dismissed Under the Doctrine of Pre-Emption.**

2

3    Insofar as they seek recovery in relation to "intellectual property," Plaintiff's state law

4    claims fail.  Federal copyright law, not state common law, is the proper instrument for protecting

5    the intellectual property rights alleged.  Nimmer, § 1.01[B][1] (2004) ("[I]f a state-created right is

6    within the general scope of copyright,' it is subject to pre-emption, even if the precise contours of

7    the right differ from any of those conferred by Section 106.").  Pre-emption under the Copyright

8    Act is explicit.

9            [A]ll legal or equitable rights that are equivalent to any of the
            exclusive rights within the general scope of copyright as specified
10           by section 106 in works of authorship that are fixed in a tangible
            medium of expression and come within the subject matter of
11           copyright as specified by sections 102 and 103, whether created
            before or after that date and whether published or unpublished, are
12           governed exclusively by this title. Thereafter, no person is entitled
            to any such right or equivalent right in any such work under the
13           common law or statutes of any State.

14    17 U.S.C. § 301.  "The Ninth Circuit employs a two-part test to determine whether the Copyright

15    Act preempts a particular state law claim. Preemption occurs when (1) the work at issue comes

16    within the subject matter of the copyright; and (2) the rights granted under state law are

17    equivalent to those protected by the Act." *Celestial Mechanix, Inc. v. Susquehanna Radio Corp.*,

18    2005 U.S. Dist. LEXIS 7920, at *17 (C.D. Cal. Apr. 28, 2005)

19            "The first prong of the preemption test is satisfied where the works at issue come within

20    the 'subject matter of copyright' as defined by 17 U.S.C. § 102." *Id.*  The crux of Plaintiff's

21    complaint is that Defendant used his footage and still photographs to create "American Hero."

22    Motion pictures are expressly included within the § 102 categories of "works of authorship," and

23    therefore fall with the general scope of copyright protection under  17 U.S.C. § 102(a)(6)

24    (copyright protection for "motion pictures and other audiovisual works").

25            "The second prong of the preemption test is satisfied where the rights protected by state

26    law are 'equivalent' to those protected by the Copyright Act… In conducting this evaluation, 'the

27    court should engage in a fact-specific inquiry into the actual allegations underlying the claims at

28    issue in the case, so as to determine whether the 'gravamen' of the state law claim asserted is the

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

NOTICE, MOTION & MPA ISO MOTION TO
DISMISS - Case No. CV 08-03471 (SI)                    - 14 -                    00808\1671751.3

1    same as the rights protected by the Copyright Act'" *Celestial Mechanix, Inc.,* 2005 U.S. Dist.

2    LEXIS 7920, at *19.  "Abstracting to the realm of principle, if under state law the act of

3    reproduction, performance, distribution, or display, no matter whether the law includes all such

4    acts or only some, will *in itself* infringe the state-created right, then such right is pre-empted."

5    Nimmer, §1.01[B][1].

6         Plaintiff's core allegation in relation to all of his state law claims regarding stolen

7    intellectual (i.e. intangible) property is that "Defendant Gorman had surreptitiously retained

8    *copies* of the raw video footage, the compiled and edited footage and still photographs without

9    Plaintiff's authorization or consent."  ¶ 22 (emphasis added).  Plaintiff appears to be alleging

10   *copying* of video footage and still photographs.  This falls squarely within the exclusive right of

11   *reproduction* protected by copyright law.  17 U.S.C. § 106(1) (exclusive right "to reproduce the

12   copyrighted work in copies").

13        Plaintiff also alleges "distribution" and "use" of raw video footage.  *See* Claims for Relief

14   3 (¶ 49); 4 (¶ 55); 5 (¶ 60) ("using the film to promote"; "selling, releasing or otherwise

15   distributing"; "incorporating into any medium")  These alleged actions are also within the

16   protection of Copyright Law.  17 U.S.C. § 106(2) ("to prepare derivative works"); §106(3)

17   ("distribute copies"); § 106(4) ("to perform the copyrighted work publicly").  Thus, the gravamen

18   of Plaintiff's state law allegations are *equivalent* to the exclusive rights protected by copyright

19   law.

20        Such state law claims as are found in Plaintiff's Complaint are routinely held to be pre-

21   empted by Federal copyright law.  For example "it is generally held that an action for conversion

22   will lie only for wrongful possession of the tangible embodiment of a work whereas a *copyright*

23   action must be brought for wrongful use of the intangible artistic property contained therein"

24   Nimmer, § 1.01(B)(1)(i) (emphasis added). *See Firoozye v. Earthlink Network,* 153 F. Supp. 2d

25   1115, 1129-1130 (N.D. Cal. 2001); *Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1193

26   (C.D. Cal. 2001) (" 'intangible' value of the contents of the documents" is proper subject of

27   copyright claim); *Unisys Corp. v. Varilease Technology Group, Inc.,* 1999 U.S. Dist. LEXIS

28   21959, at *6..  The conversion claim (claim number 7) as to *intellectual property* (i.e. intangible

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

NOTICE, MOTION & MPA ISO MOTION TO
DISMISS - Case No. CV 08-03471 (SI)

- 15 -

00808\1671751.3

1   property) therefore fails.

2       Similarly, Plaintiff's claim for unjust enrichment (claim number 5) is pre-empted.

3   Nimmer, NIMMER ON COPYRIGHT § 1.01(B)(1)(g) ("[A] state law cause  action for unjust

4   enrichment or quasi contract should be regarded as an 'equivalent right' and hence, pre-empted

5   insofar as it applies to copyright subject matter.").  *See Firoozye,* 153 F. Supp. 2d at 1126-1128

6   (unjust enrichment pre-empted).

7       Plaintiff's request for an accounting for royalties and profits attributable to Plaintiff's

8   intellectual property similarly fails.  ¶ 57; *Montgomery v. Etreppid Techs., LLC.*, 2008 U.S. Dist.

9   LEXIS 54339, at *10 n.2 (D. Nev. May 29, 2008) (noting dismissal with prejudice of claim for

10  accounting, because "the claim is pre-empted by federal copyright law.").

11      Plaintiff's request for "seizure, impoundment and return of all the Stolen Property" (¶ 50

12  (claim number 3)), and replevin (¶¶ 87-88 (claim number 9)) must similarly fail, because Plaintiff

13  is requesting remedies that  are already provided for by federal copyright law.  Indeed, seizure

14  impoundment and return (¶ 50) and the "immediate return of the stolen property" (¶ 88) are

15  remedies expressly provided for by copyright law in appropriate circumstances.  *See* 17 U.S.C. §

16  503 ("Impounding and disposition of infringing articles").  These claims are thus pre-empted by

17  the Copyright claim.

18      For these reasons, each of Plaintiff's state law claims should be dismissed insofar as they

19  make claims for relief for "intellectual property."  This is a complete bar to the intellectual

20  property component of claims for relief 3, 4, 5, 7 and 9.

21                      **2.      Plaintiff's Stolen "Personal Property" Claims Should be Dismissed
22                               Under *Twombly* and the Applicable Statutes of Limitation.**

23      The same state law claims that request relief relating to intellectual property

24  simultaneously allege taking, retention or injury to Plaintiff's "personal property."  Claims for

25  Relief 3 (¶ 48 and 50-52), 4 (¶ 55), 5 (¶ 60, 61) and 7 (¶ 74, 76-77) and 9 (¶ 87).  Plaintiff does

26  not specify or identify what "personal property" is at issue separate and apart from the intellectual

27  property (*i.e.* footage and photographs) that Plaintiff allegedly copied.  This failure to identify the

28  *tangible* property at issue fails to raise plaintiff's allegation above the "speculative level," and

NOTICE, MOTION & MPA ISO MOTION TO
DISMISS - Case No. CV 08-03471 (SI)            - 16 -            00808\1671751.3

1  amounts to nothing more than a "formulaic recitation" of an element of various state law causes

2  of action.  *Twombly,* 127 S. Ct. at 1964-65.  If there was harm to Plaintiff's personal property,

3  then he should be able to identify that property, and the alleged harm to that property.  His failure

4  to do this makes the allegations implausible.  *See Twombly*, 127 S. Ct. at 1968 (plausibility

5  required).  The personal property portion of Plaintiff's state allegations should be dismissed on

6  *Twombly* alone.

7      *Furthermore*, each of these "personal property" claims fails because the applicable statute

8  of limitations for actions to recover personal property is 3 years.  *See e.g.* Cal. Civ. Proc. Code §

9  338(c) (three years for "[a]n action for taking, detaining, or injuring any goods or chattels,

10  including actions for the specific recovery of *personal property...*") (emphasis added).  The

11  complaint alleges that the events in question occurred in 2003.  ¶ 23 ("Around the same time …"

12  discussing events in 2003).  As the Complaint comes now, *over 5 years after the alleged personal*

13  *property claims would have accrued,* the three year statute of limitations has run on these

14  personal property claims.

15      For this reason, each of Plaintiff's state law claims should be stricken insofar as it makes a

16  claim for relief for "personal property."  *See* claims for relief 3, 4, 5, 7 and 9.

17      ***As both the intellectual and personal property components of claims for Relief 3, 4, 5, 7***

18  ***and 9 fail to state a claim, nothing remains of these state law claims. They should be stricken***

19  ***from the Complaint in their entirety.***

20  **F.    Plaintiff's Claim for Conversion Should Be Dismissed For Multiple**
21  **Additional Reasons (Seventh Claim for Relief).**

22      In addition to the pre-emption and statute of limitations problems endemic to all of

23  Plaintiff's "Stolen Property" claims, Plaintiff's conversion claim fails for the following additional

24  reasons:

25  •   The complaint alleges on "information and belief" that "Defendant Gorman entered

26      Plaintiff's residence *without authorization* and removed property belonging to

27      Plaintiff."  ¶ 74 (emphasis added).  This allegation contradicts Plaintiff's allegation

28      that "Plaintiff gave Defendant Gorman permission to enter Plaintiff's vacation home

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

NOTICE, MOTION & MPA ISO MOTION TO
DISMISS - Case No. CV 08-03471 (SI)    - 17 -    00808\1671751.3

1    to utilize his personal computer." ¶ 23.  As Plaintiff's allegation of lack of

2    authorization directly contradicts the earlier allegations of the Complaint, Plaintiff's

3    allegation is implausible.  *See*, *Twombly*, 127 S. Ct. at 1968 (plausibility required).

4    • Plaintiff makes a conclusory allegation of "fraudulent" conversion.  ¶ 78.  This

5    allegation fails because it does not plead any facts in conformity with Rule 9(b).  *See*

6    legal discussion IV(D)(3), *supra*.

7
      ## V.    THE ANTI-SLAPP STATUTE APPLIES AND PLAINTIFF IS ACCORDINGLY
8          LIABLE FOR ATTORNEY'S FEES AND COSTS

9          ### A.    The California Anti-SLAPP Statute Applies in the Instant Case.

10        Under the Anti-SLAPP statute, Defendant must make an "initial prima facie showing that

11   the plaintiff's suit arises from an act in furtherance of the defendant's rights of petition or free

12   speech." *Globetrotter Software, Inc. v. Elan Computer Group, Inc.* 63 F.Supp.2d 1127, 1129

13   (N.D. Cal. 1999).  Then, "the burden shifts to the plaintiff to demonstrate a probability of

14   prevailing on the challenged claims." *Vess*, 317 F.3d at 1109-10.  A protected act of free speech

15   includes "any written or oral statement or writing made in a place open to the public or a public

16   forum in connection with an issue of public interest,"  and "any other conduct in furtherance of

17   the exercise of the constitutional right of petition or the constitutional right of free speech in

18   connection with a public issue or an issue of public interest." *Id.*

19        The anti-SLAPP statute provides special protection against "any action against any person

20   or entity based upon the ***creation, dissemination, exhibition, advertisement, or other similar***

21   ***promotion*** of ***any*** dramatic, literary, musical, ***political***, or ***artistic work***, including, but not limited

22   to, a ***motion picture*** or television program . . ." C.C.P. §425.17(d)(2) (emphasis added).   It was

23   the intent of the Legislature to grant special protection to motion pictures, Sen. Com. On

24   Judiciary, Analysis of Sen. Bill No. 515 (2003-2004 Reg. Sess.) as amended May 1, 2003, p.14.

25        In the present case, Plaintiff's state law claims, the Third, Fourth, Fifth, Sixth, Seventh

26   and Ninth, are all based upon allegations of Defendant Gorman's creation, publication or use of

27   the documentary film "American Hero."  Plaintiff's Complaint correctly alleges that the video

28   footage and still photographs from Afghanistan in the wake of 9/11 were "noteworthy" (¶13) and

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

NOTICE, MOTION & MPA ISO MOTION TO
DISMISS - Case No. CV 08-03471 (SI)          - 18 -                    00808\1671751.3

1    created "public interest in his story" (¶14). There can be no question that the short film which

2    Plaintiff would suppress is an exercise of free speech in connection with a public issue, an issue

3    of public interest.

4           Since Plaintiff's causes of action all involve the film, Plaintiff must, in order to escape the

5    motion to strike, meet the burden of showing a probability of success. The burden lies with

6    Plaintiff, and includes the obligation of fending off affirmative defenses such as a statute of

7    limitations that are raised by Defendant. *Traditional Cat Ass'n Inc. v. Gilbreath*, 118 Cal.App.4th

8    392, 399 (2004). Plaintiff simply cannot do this, for the reasons stated above with respect to the

9    individual state law causes of action. All are seriously flawed. *See Vess*, 317 F. 3d at 1110

10   (failure to survive motion to dismiss means Plaintiff "cannot demonstrate a 'probability that [he]

11   will prevail on [his] claim.'")

12
13       **B.**    **As Anti-SLAPP Applies, Defendants Are Entitled to Mandatory Attorney's Fees.**

14          The California Supreme Court has held that ". . any SLAPP defendant who brings a

15   successful motion to strike is entitled to ***mandatory*** attorney fees." *Ketchum v. Moses*, 24 Cal.

16   4th 1122, 1131 (2001) (emphasis added). California's rules are accepted in federal court: "The

17   statute is broadly construed so as to effectuate the legislative purpose of reimbursing the

18   prevailing defendant for expenses incurred in extricating him or herself from a baseless lawsuit. .

19   . . An award is proper even if the anti-SLAPP motion is granted as to only some of a plaintiff's

20   claims." *New.Net, Inc. v. Lavasoft,* 356 F. Supp. 2d 1090, 1115 (C.D. Cal 2004). The 'Lodestar'

21   method of determining fees is used. *Ketchum*, 24 Cal.4th at 1131. A pro bono law firm may be

22   awarded fees (*Rosenaur v. Scherer*, 88 Cal. App. 4th 260 (2001)), and fees are awarded even if

23   plaintiff dismisses the complaint prior to the court ruling on the anti-SLAPP motion. *Liu v.*

24   *Moore*, 69 Cal. App. 4th 745, 748 (1999); *Major v. Silna*, 134 Cal. App. 4th 1485 (2005).

25   **VI.**    <u>**CONCLUSION**</u>

26          For the reasons stated above, Defendant Gorman respectfully requests that the Court

27   dismiss Plaintiffs' claim for statutory damages and attorney's fees under Federal copyright law,

28   Plaintiff's claim under the Computer Fraud and Abuse Act, and all of Plaintiff's state law causes

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

NOTICE, MOTION & MPA ISO MOTION TO
DISMISS - Case No. CV 08-03471 (SI)

- 19 -

00808\1671751.3

1    of action. Moreover, because Plaintiff has failed to state a claim for relief on his state law causes

2    of action attorney's fees and costs should be awarded to Defendant under the California Anti-

3    SLAPP statute.

4    Dated: September 5, 2008                      FARELLA BRAUN & MARTEL LLP

5

6                                                  By:  _____/s/_____

7                                                        Deepak Gupta

8                                                  Attorneys for Defendant
                                                   DANIEL PATRICK GORMAN
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE, MOTION & MPA ISO MOTION TO
DISMISS - Case No. CV 08-03471 (SI)              - 20 -                          00808\1671751.3

1    Anthony Schoenberg (State Bar No. 203714)
         aschoenberg@fbm.com
2    Deepak Gupta (State Bar No. 226991)
         dgupta@fbm.com
3    Farella Braun & Martel LLP
     235 Montgomery Street, 17th Floor
4    San Francisco, CA  94104
     Telephone:  (415) 954-4400
5    Facsimile:   (415) 954-4480

6    Attorneys for Defendants
     DANIEL PATRICK GORMAN
7    FRAMEBIRD MEDIA
     CHARLIE SEVEN FILMS, LLC

8

9                           UNITED STATES DISTRICT COURT

10                         NORTHERN DISTRICT OF CALIFORNIA

11

12   GREGORY SHADE,                          Case No. 08 CV 3471 (SI)

13              Plaintiff,                    **[PROPOSED] ORDER GRANTING
                                             DEFENDANT DANIEL PATRICK
14        vs.                                 GORMAN'S MOTION TO DISMISS
                                             PLAINTIFF'S COMPLAINT PURSUANT
15   DANIEL PATRICK GORMAN                    TO F.R.C.P. 12(b)(6) AND ANTI-SLAPP
     individually and dong business as       MOTION TO STRIKE PURSUANT TO
16   CHARLIE SEVEN FILMS, LLC,                CALIFORNIA CODE § 425.16**
     FRAMEBIRD MEDIA, CHIP R.
17   BEASLEY, and ANDREW ELLIS,               Judge:      Hon. Susan Illston
                                             Dept:       Courtroom 10, 19th Floor
18              Defendants.

19

20

21

22

23

24

25

26

27

28

1    Defendants' Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil

2   Procedure 12(b)(6) and Anti-SLAPP Motion to Strike Pursuant to California Code § 425.16 came

3   on for hearing before Honorable Susan Illston on October 10, 2008 at 10:00 a.m. in Courtroom

4   10 of the United States District Court of the Northern District of California, San Francisco

5   Division.

6    Having reviewed the parties' submissions and having heard the parties' arguments, and

7   GOOD CAUSE appearing therefor,

8    IT IS HEREBY ORDERED THAT,

9

10    Under Federal Rules of Civil Procedure 9(b) and Rule 12(b)(6),

11    PLAINTIFF'S CLAIMS ARE DISMISSED AS FOLLOWS:

12    1. ***First Claim for Relief – Copyright Infringement.*** Plaintiff's claim for statutory damages
13    and attorney's fees and costs is hereby dismissed.
14

15    2. ***Second Claim for Relief – Injunction.*** Plaintiff request for a permanent injunction
16    against use of his alleged footage is hereby dismissed.
17

18    3. ***Third Claim for Relief – Seizure, Impoundment and Return.*** Plaintiff's request for
19    seizure, impoundment and return of Plaintiff's alleged "intellectual and/or personal
       property" is hereby dismissed.
20

21    4. ***Fourth Claim for Relief*** – ***Accounting to Recover Royalties and Profits.*** Plaintiff's
22    request for disgorgement of profits regarding Plaintiff's alleged "intellectual and/or
23    personal property" is hereby dismissed.
24

25    5. ***Fifth Claim for Relief*** – ***Unjust Enrichment.*** Plaintiff's request for disgorgement
26    regarding Plaintiff's alleged "intellectual and/or personal property" is hereby dismissed.

27    6. ***Sixth Claim for Relief*** – ***For Breach of Contract.*** Plaintiff allegations for breach of
28    contract is hereby dismissed.

7. ***Seventh Claim for Relief*** – ***Conversion.*** Plaintiff's claim for conversion is hereby dismissed.

8. ***Eighth Claim for Relief*** – ***Violation of Computer Fraud and Abuse Act.*** Plaintiff's claim for violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 is hereby dismissed.

9. ***Ninth Claim for Relief*** – ***Replevin- Claim and Delivery.*** Plaintiff's requests for Replevin – Claim and Delivery regarding Plaintiff's alleged "intellectual and/or personal property" is hereby dismissed.

Under the California Anti-SLAPP statute, California Code § 425.16,

DEFENDANT'S REQUEST FOR ATTORNEY'S FEES AND COSTS IS

GRANTED.

Dated: _____, 2008          _____

                                              Honorable Susan Illston
                                              United States District Judge