**FOLEY & LARDNER LLP**
ONE MARITIME PLAZA, SIXTH FLOOR
SAN FRANCISCO, CA 94111-3409
TELEPHONE:   415.434.4484
FACSIMILE:   415.434.4507

KIMBERLY K. DODD, CA BAR NO. 235109, KDODD@FOLEY.COM

**FOLEY & LARDNER LLP**
111 HUNTINGTON AVENUE, 26TH FLOOR
BOSTON, MA 02199-7626
TELEPHONE:   617.342.4000
FACSIMILE:   617.342.4001

STEPHEN D. RIDEN, (TO BE ADMITTED *PRO HAC VICE*), SRIDEN@FOLEY.COM

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| GREGORY SHADE,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL PATRICK GORMAN, individually and doing business as CHARLIE SEVEN FILMS, LLC, FRAMEBIRD MEDIA, CHIP R. BEASLEY, and ANDREW ELLIS,<br><br>Defendants. | Case No:  3:08-cv-03471-SI<br><br>**DEFENDANT ANDREW ELLIS' NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO F.R.C.P. 12(b)(2) & (6)**<br><br>Date:   November 14, 2008<br>Time:   9:00 a.m.<br>Judge:   Hon. Susan Illston<br>Dept:   Courtroom 10, 19th floor |

## NOTICE OF MOTION AND MOTION

**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on November 14, 2008 at 9:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Susan Illston in Courtroom 10, 19th floor, Defendant Andrew Ellis will, and hereby does, move the Court for an order pursuant to Fed. R. Civ. P. 12(b)(2) & (6) dismissing Plaintiff's Complaint.

The bases for this motion are (1) the Court lacks personal jurisdiction over Mr. Ellis and (2) all of Plaintiff's fail to state a claim on which relief may be granted.  This Motion is based on this Notice of Motion; the accompanying Memorandum of Points and Authorities; the Declaration of Andrew Ellis the pleadings and other papers on file in this action; such matters of which this Court may take judicial notice, and such further argument which may be presented at, before, or in connection with the hearing on this Motion.

BOST_777931.3

# TABLE OF CONTENTS

I.     INTRODUCTION ............................................................................................... 6

II.    STATEMENT OF FACTS ................................................................................. 6

       A.    Procedural Background ............................................................................ 6

       B.    Plaintiff's Allegations .............................................................................. 7

       C.    Allegations And Claims Concerning Mr. Ellis ...................................... 7

       D.    Mr. Ellis' Contacts with California Are Extremely Limited ................. 8

III.   LEGAL ARGUMENT ...................................................................................... 9

       A.    **This Court Lacks Personal Jurisdiction Over Mr. Ellis Because He Does Not Have The Requisite Minimum Contacts With The State Of California** ..................... 9

             1.    Mr. Ellis Is Not Subject To General Personal Jurisdiction In California Because He Has Had Only Very Limited Contact With The State Of California 10

             2.    Mr. Ellis Is Not Subject To Specific Personal Jurisdiction In California Because Plaintiff Does Not Allege That He Engaged In Any Activity Within Or Directed To This Forum ........................................................................ 12

       (a)   Mr. Ellis Did Not Purposefully Avail Himself Of The Privileges Of California . 12

       (b)   Mr. Ellis' Alleged Conduct Is Not Related To California .................................... 13

       (c)   It Would Be Unreasonable To Exercise Jurisdiction Over Mr. Ellis .................. 14

       B.    **Dismissal Of All Claims Against Mr. Ellis Is Appropriate Under Federal Rule Of Civil Procedure 12(b)(6) Because Plaintiff Fails To State Claims Upon Which Relief Can Be Granted.** ............................................................................ 15

             1.    Because Plaintiff's Copyright Registrations Are Dated After the Alleged Infringement Commenced, Plaintiff's Claims For Statutory Damages And Attorney's Fees Fail As A Matter of Law (First Claim for Relief). ..................... 15

             2.    Plaintiff's Request for "Injunction" Is Not Based on a Cognizable Legal Theory for Permanent Injunctive Relief (Second Claim for Relief) ..................... 16

             3.    Plaintiff's State Law Claims Alleging "Stolen Property" Should Be Dismissed In Their Entirety (Third, Fourth, Fifth, And Ninth Claims For Relief).

2

BOST_777931.3

17

  (a)  <u>Plaintiff's Stolen "Intellectual Property" Claims Should Be Dismissed Under the Doctrine of Pre-Emption</u>.................................................................................... 17

  (b)  <u>Plaintiff's Stolen "Personal Property" Claims Should Be Dismissed Because Plaintiff Asserts Insufficient Facts And They Violate The Applicable Statutes Of Limitation</u>............................................................................................................ 19

IV.  CONCLUSION................................................................................................ 20

ELLIS' MEM. P&A I/S/O MOTION TO DISMISS
CASE NO. 3:08-cv-03471-SI

BOST_777931.3

**TABLE OF AUTHORITIES**

<u>**CASES**</u>

<u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1988)..........................17

<u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) ........19, 20

<u>Binshyang Song v. Chang</u>, 2005 U.S. Dist. LEXIS 16897, *6 (N.D. Cal. Aug., 4, 2005)...........14

<u>Boschetto v. Hansing</u>, 2008 U.S. App. LEXIS 17708 *15 (9th Cir. Cal. 2008) ..........................11

<u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 474-75 (1985)..............................................12, 13

<u>Celestial Mechanix, Inc. v. Susquehanna Radio Corp.</u>, 2005 U.S. Dist. LEXIS 7920, at *17 (C.D. Cal. Apr. 28, 2005) ..................................................................................................................18

<u>Cornelison v. Chaney</u>, 16 Cal. 3d 143, 149 (1976)....................................................................11

<u>Cubbage v. Merchent</u>, 744 F.2d 665 (9th Cir. 1984) cert. denied, 470 U.S. 1005 (1985) ...........11

<u>Data Disc, Inc. v. Systems Technology Associates, Inc.</u>, 557 F.2d 1280, 1288 (9th Cir. Cal. 1977) ..........................................................................................................................................10

<u>Derek Andrew, Inc. v. Poof Apparel Corp.</u>, 528 F.3d 696, 699 (9th Cir. 2008) ..........................15

<u>Dole Food Co. v. Watts</u>, 303 F.3d 1104, 1111 (9th Cir. 2002) ................................................12

<u>eBay Inc. v. MercExchange, L.L.C.</u>, 547 U.S. 388 (2006)..........................................................16

<u>Fields v. Sedgwick Associated Risks, Ltd.</u>, 796 F.2d 299, 301 (9th Cir. Cal. 1986) ..................10

<u>Firoozye v. Earthlink Network</u>, 153 F. Supp. 2d 1115, 1129-1130 (N.D. Cal. 2001).................19

<u>Gates Learjet Corp. v. Jensen</u>, 743 F.2d 1325, 1330-31 (9th Cir. 1984) ....................................11

<u>Hanson v. Denckla</u>, 357 U.S. 235 253 (1958) ..........................................................................10

<u>Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.</u>, 328 F.3d 1122, 1129 (9th Cir. 2003) ........................................................................................................................................14

<u>Idema v. Dreamworks, Inc.</u>, 162 F. Supp. 2d 1129, 1193 (C.D. Cal. 2001)................................19

<u>In re Dynamic Random Access Memory Antitrust Litig.</u>, 536 F. Supp. 2d 1129 (N.D. Cal. 2008) ..........................................................................................................................................19

<u>International Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945) ..............................................10

<u>Keating-Traynor v. Westside Crisis Ctr.</u>, 2006 U.S. Dist. LEXIS 43858, *10-11 (N.D. Cal. June 16, 2006) ..................................................................................................................................13

ELLIS' MEM. P&A I/S/O MOTION TO DISMISS
CASE NO. 3:08-cv-03471-SI

<u>Keeton v. Hustler Magazine, Inc.</u>, 465 U.S. 770, 774 (1984).......................................................... 12

<u>Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.</u>, 243 F. Supp. 2d 1073 (C.D. Cal. 2003) 10

<u>MGM Studios, Inc. v. Grokster, Ltd.</u>, 518 F. Supp. 2d 1197, 1208 (C.D. Cal. 2007)................. 16

<u>Montgomery v. Etreppid Techs., LLC.</u>, 2008 U.S. Dist. LEXIS 54339, at *10 n.2 (D. Nev. May 29, 2008) .................................................................................................................................. 19

<u>Rush v. Savchuk</u>, 444 U.S. 320, 329 (1980)............................................................................... 13

<u>Schwarzenegger v. Fred Martin Motor Co.</u>, 374 F.3d 797, 801 (9th Cir. 2004) ........................... 9

<u>Sivault Sys. v. Gelf</u>, 2007 U.S. Dist. LEXIS 55114, *5-6 (N.D. Cal. July 18, 2007) ................. 14

<u>Thos. P. Gonzalez Corp. v. Consejo Nacional De Produccion De Costa Rica</u>, 614 F.2d 1247, 1250 (9th Cir. 1980) .................................................................................................... 9, 10

<u>Threlkeld v. Tucker</u>, 496 F.2d 1101, 1103 (9th Cir. Cal. 1974) ....................................................... 9

<u>Travelers Health Ass'n v. Commonwealth of Va</u>, 339 U.S. 643, 647 (1950)............................. 13

<u>Volkswagen Corp. v. Woodson</u>, 444 U.S. 286 (1980) ............................................................... 10

## <u>STATUTES</u>

17 U.S.C. § 102(a)(6)................................................................................................................. 19

17 U.S.C. § 106(1) - (4) ............................................................................................................. 19

17 U.S.C. § 107.......................................................................................................................... 17

17 U.S.C. § 301.......................................................................................................................... 18

17 U.S.C. § 412............................................................................................................................ 7

17 U.S.C. § 412(2) ..................................................................................................................... 16

17 U.S.C. § 503.......................................................................................................................... 20

17 U.S.C. § 504.......................................................................................................................... 16

17 U.S.C. § 505.......................................................................................................................... 16

Cal. Civ. Proc. Code §338(c) .................................................................................................... 21

## <u>RULES</u>

Fed. R. Civ. P. 12(b)(2).......................................................................................................... 1, 6

Fed. R. Civ. P. 12(b)(6)………………………………………………………………………1, 6, 15

ELLIS' MEM. P&A I/S/O MOTION TO DISMISS
CASE NO. 3:08-cv-03471-SI

BOST_777931.3

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     INTRODUCTION**

This Court should dismiss the Plaintiff's Complaint for at least two reasons.  First, as demonstrated below, Mr. Ellis is not subject to this Court's general jurisdiction nor its specific jurisdiction.  Specifically, there is no basis for the exercise of general jurisdiction over Mr. Ellis, and the facts as alleged in the Complaint and averred in Mr. Ellis' declaration show that there are insufficient contacts by Mr. Ellis in the State of California to justify the exercise of specific jurisdiction over him.

Second, dismissal of Plaintiff's Complaint is required under Rule 12(b)(6) of the Federal Rules of Civil Procedure because all of Plaintiff's claims against Mr. Ellis fail "to state a claim upon which relief can be granted."  In this regard, Plaintiff's claim for statutory damages and attorneys' fees for copyright infringement is barred under 17 U.S.C. § 412 because Plaintiff has alleged infringement commencing prior to Plaintiff's registration with the Copyright Office.  In addition, Plaintiff's request for "injunction" is not based on a cognizable legal theory for permanent injunctive relief.  Moreover, Plaintiff's state law claims concerning the allegedly "stolen property" are barred for two reasons: 1) to the extent his state law claims seek redress for misappropriation of "intellectual property," they are pre-empted by Federal copyright law; and 2) to the extent they seek redress regarding "personal property," they are barred by California's three year statute of limitations (as the events at issue are alleged to have occurred over 5 years ago).

**II.    STATEMENT OF FACTS**

A.     Procedural Background

On July 18, 2008, Plaintiff Gregory Shade filed a complaint against Defendants Daniel Patrick Gorman (dba Charlie Seven Films, LLC and Framebird Media), Chip Beasley and Mr. Ellis. Mr. Ellis filed an ex parte application to extend time to respond to the Complaint on August 14, 2008. Dkt. # 20.  The Court granted this request on August 19, granting Mr. Ellis until September 8, 2008 to respond.  Dkt. # 22.  Mr. Ellis now files this motion to dismiss claims under rule 12(b)(2) & (6).

6

BOST_777931.3

B.     Plaintiff's Allegations

Plaintiff alleges that he created and owns certain copyrighted video footage and photographs recorded, among other places, in Afghanistan, Uzbekistan, Tajikistan, Turkmenistan, and Pakistan.  Complaint, ¶ 12.  He contends that he wanted to turn his footage into a film, so in 2003 he entered into an agreement with Defendant Daniel Patrick Gorman, by and through Mr. Gorman's entity, Charlie Seven Films, to produce a documentary.  Id., ¶ 14.  Plaintiff alleges that he hired Mr. Gorman to compile and edit the video footage, and gave Mr. Gorman access to Plaintiff's photographs.  Id., ¶¶ 15, 16.  Plaintiff alleges that he worked with Mr. Gorman for several months pursuant to their agreement, but that he was dissatisfied with all of Mr. Gorman's suggestions about the documentary's plot and content, and ultimately reached an impasse concerning the film's final content.  Id., ¶¶ 18, 19.  Thereafter, Plaintiff alleges that he terminated all of his business dealing with Mr. Gorman in or about April 2003.  Id., ¶ 20.

Plaintiff alleges that, in April 2003, he demanded the return of the video footage and photographs from Mr. Gorman, and revoked his authorization for Mr. Gorman and Charlie Seven Films to use those materials.  Id., ¶ 21.  According to the Complaint, Mr. Gorman returned the requested material to the Plaintiff, however, Mr. Gorman kept copies of the footage and photographs.  Id., ¶ 22.  Plaintiff also alleges that Mr. Gorman took some computer files, documents, and other property from his vacation home, and then damaged Plaintiff's computer.  Id., ¶¶ 23, 24.  Plaintiff contends that Mr. Gorman converted the footage, photographs, and other materials for his own use, which the Plaintiff did not discovery until January 2008.  Id., ¶ 26.  Plaintiff alleges that the footage and photographs were turned into an unauthorized documentary, which was shown at the San Francisco Indie Film Festival on February 17, 2008, and displayed on Framebird Media's website.  Id., ¶¶ 27, 28, 34.  In June 2008, the Complaint alleges that Plaintiff obtained copyright registrations for the video footage and photographs.  Id., ¶ 33.

C.     Allegations And Claims Concerning Mr. Ellis

The Complaint makes only very limited allegations specifically concerning Mr. Ellis.  In this regard, Plaintiff alleges that Mr. Ellis "is and at all times material hereto has been an officer, director, partner, or member of Framebird [Media].  On information and belief, Plaintiff alleges

7

1   that Ellis materially took part in the creation, production and/or editing of the infringing

2   documentary film with knowledge of the fact that Defendants' [sic] lacked Plaintiff's

3   authorization and consent to use Plaintiff's copyrighted source materials."  Id., ¶ 10.  A similar

4   allegation is made at paragraph 27 of the Complaint.  Plaintiff alleges that Framebird Media is a

5   "fictitious business name under which Defendants Gorman, Beasley and Ellis operate their

6   business."  Id., ¶ 7.  There are no other allegations in the Complaint that make any specific

7   reference to Mr. Ellis – he is only generally included among the "Defendants" for the remainder

8   of the Complaint.

9          The Complaint asserts the following claims for relief against Mr. Ellis (and all of the

10   other Defendants):  copyright infringement (First Claim); injunction (Second Claim); seizure,

11   impoundment, and return (Third Claim); accounting to recover royalties and profits (Fourth

12   Claim); unjust enrichment (Fifth Claim); replevin – claim and delivery (Ninth Claim).

13          D.     Mr. Ellis' Contacts with California Are Extremely Limited

14          Mr. Ellis is a resident of the Commonwealth of Massachusetts who has never resided in

15   the State of California.  (Declaration of Andrew Ellis, ¶ 1, 3.)   (Notably, the Complaint does not

16   allege where Mr. Ellis resides.)  He is a freelance videographer.  (Id., ¶ 5.)  He has visited the

17   State of California approximately four times: three times on vacation, and once on a business trip

18   earlier this year.  (Id., ¶ 4, 5.)  Mr. Ellis' work during his business trip to the State of California

19   did not relate to any of the facts or  circumstances alleged in the Complaint filed in this action.

20   (Id., ¶ 5.)  Except for his business trip earlier this year, Mr. Ellis has never maintained,

21   conducted, or engaged in any business in the State of California.  (Id., ¶ 6.)  Specifically, he has

22   never met the Plaintiff, nor has he had any business dealings with the Plaintiff.  (Id., ¶ 9, 10.)

23   (In this regard, Mr. Ellis never took part in the creation, production, or editing of the

24   documentary film described in the Complaint filed in this action, nor has he ever been an officer,

25   director, partner, or member of Framebird Media.  (Id., ¶¶ 7, 11.)

26          Mr. Ellis has never employed anyone in the State of California.  (Id., ¶ 8.)  He does not

27   maintain any bank accounts in the State of California.  (Id., ¶ 12.)  He does not own, lease, or

28   rent any real estate or buildings in the State of California.  (Id., ¶ 13.)  Nor does he own any

8

BOST_777931.3

1   personal property in the State of California.  (<u>Id.</u>, ¶ 14.)  Mr. Ellis does not advertise by

2   television, newspaper, or magazine in the State of California.  (<u>Id.</u>, ¶ 15.)  He does not have any

3   telephone listing in the State of California.  (<u>Id.</u>, ¶ 16.)  And, although he maintain a publicly-

4   available website (http://ellis.carbonmade.com/) that displays his work, he has never actively

5   solicited business from the State of California.  (<u>Id.</u>, ¶ 17.)

6        Consistent with these limited contacts with the State of California, Mr. Ellis has never

7   filed a lawsuit in the State of California, and, other than the instant action, he has never been

8   sued in the State of California or consented to jurisdiction within the State of California.  (<u>Id.</u>, ¶

9   18, 19.)

10   **III.    LEGAL ARGUMENT**

11   **A.    This Court Lacks Personal Jurisdiction Over Mr. Ellis Because He Does Not Have**

12        **The Requisite Minimum Contacts With The State Of California**

13        As demonstrated below, the Plaintiff commenced this action without any good faith basis

14   for asserting personal jurisdiction over Mr. Ellis.  Accordingly, this Court is without personal

15   jurisdiction over Mr. Ellis and should dismiss this action against him.

16        Personal jurisdiction in federal courts is determined by reference to the law of the sate in

17   which the court sits.  <u>Thos. P. Gonzalez Corp. v. Consejo Nacional De Produccion De Costa</u>

18   <u>Rica</u>, 614 F.2d 1247, 1250 (9th Cir. 1980).  The California long arm statute, Civil Procedure

19   Code section 410.10 provides that "[a] court of this state may exercise jurisdiction on any basis

20   not inconsistent with the Constitution of this state or of the United States."  Code Civ. Proc. §

21   410.10.  Thus, the statutory limitations placed upon jurisdiction in this Court are "co-extensive

22   with the outer limits of due process due under the state and federal constitutions, as those limits

23   have been defined by the United States Supreme Court."  <u>Threlkeld v. Tucker</u>, 496 F.2d 1101,

24   1103 (9th Cir. 1974), cert. denied, 419 U.S. 1023 (1974).

25        "For a court to exercise personal jurisdiction over a nonresident defendant, that defendant

26   must have at least 'minimum contacts' with the relevant forum such that the exercise of

27   jurisdiction 'does not offend traditional notions of fair play and substantial justice.'"

28   <u>Schwarzenegger v. Fred Martin Motor Co.</u>, 374 F.3d 797, 801 (9th Cir. 2004) quoting

BOST_777931.3

1    International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

2         The United States Supreme Court has also emphasized that only the defendant's

3    purposeful activities in the forum state, and not the plaintiff's actions, can justify the exercise of

4    jurisdiction.  Hanson v. Denckla, 357 U.S. 235, 253 (1958).  The jurisdictional tests of

5    International Shoe and Hanson were reaffirmed by the Supreme Court in World-Wide

6    Volkswagen Corp. v. Woodson, 444 U.S. 286 (1980).

7         In the Ninth Circuit, "[g]eneral personal jurisdiction, which enables a court to hear cases

8    unrelated to the defendant's forum activities, exists if the defendant has 'substantial' or

9    'continuous and systematic' contacts with the forum state.  This is a fairly high standard in

10   practice."  Fields v. Sedgwick Associated Risks, Ltd., 796 F.2d 299, 301 (9th Cir. 1986) (internal

11   citations omitted).  If, however, a defendant's activities are not so pervasive as to subject him to

12   general jurisdiction, the issue of whether limited jurisdiction lies turns on an evaluation of the

13   nature and quality of defendant's contacts in relation to the cause of action.   See Thos. P.

14   Gonzalez Corp., 614 F.2d at 1247.  When responding to a motion to dismiss for lack of personal

15   jurisdiction, "the party seeking to invoke the jurisdiction of the federal court has the burden of

16   establishing that jurisdiction exists."  Data Disc, Inc. v. Systems Technology Associates, Inc.,

17   557 F.2d 1280, 1288 (9th Cir. 1977).

18        1.    Mr. Ellis Is Not Subject To General Personal Jurisdiction In California Because

19              He Has Had Only Very Limited Contact With The State Of California.

20        "Factors to be taken into consideration in analyzing whether general jurisdiction exists

21   include whether the defendant is incorporated or licensed to do business in the forum state, has

22   offices, property, employees or bank accounts there, pays taxes, advertises or solicits business, or

23   makes sales in the state."  Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd., 243 F. Supp. 2d

24   1073 (C.D. Cal. 2003).  Mr. Ellis is not subject to general jurisdiction in California because his

25   contacts, or involvement in any activities occurring within, the State of California have been very

26   limited.  To begin with, Mr. Ellis is a legal resident of the Commonwealth of Massachusetts who

27   has never resided in the State of California.  (Ellis Decl., ¶ 1, 3.)  Mr. Ellis' only contact with the

28   California – other than three sporadic vacations – was earlier this year when he spent

BOST_777931.3

approximately two months in California on a business trip when he was working on an documentary film project that is wholly unrelated to the documentary film described in the Complaint.  (Id., ¶ 5.)  Sporadic trips into a given forum like these do not provide a basis for general jurisdiction.  See Gates Learjet Corp. v. Jensen, 743 F.2d 1325, 1330-31 (9th Cir. 1984) (no jurisdiction over defendants despite their several visits and purchases in forum state, solicitation of contract in forum, and extensive communication to forum state); Cornelison v. Chaney, 16 Cal. 3d 143, 149 (1976) (no general jurisdiction over defendant despite fact that defendant visited made nearly 20 trips a year into California for 7 years to deliver and obtain goods, and had an independent contractor relationship with a local broker).  Not surprisingly, Mr. Ellis has never even met the Plaintiff or transacted any business with him.  (Ellis Decl. ¶ 9, 10.)

In addition, Mr. Ellis does not have any professional or business ties within the State of California.  Mr. Ellis has never employed anyone in California.  (Id., ¶ 8.)  He does not maintain any bank accounts in California.  (Id., ¶ 12.)  He does not own, lease, or rent any real estate or buildings in California.  (Id., ¶ 13.)  Nor does he own any personal property in the State of California.  (Id., ¶ 14.)  Mr. Ellis does not advertise by television, newspaper, or magazine in the State of California.  (Id., ¶ 15.)  He does not have any telephone listing in the State of California.  (Id., ¶ 16.)  Courts in California have regularly declined to find general personal jurisdiction in cases where the contacts were more extensive than these.  See, e.g., Cubbage v. Merchent, 744 F.2d 665 (9th Cir. 1984) cert. denied, 470 U.S. 1005 (1985) (contacts included employing hospital employees who resided in California; advertising in white pages and yellow pages of a directory that was distributed in California; serving hospital patients that were California residents; and receiving reimbursement from the State of California for medical treatment).  Although Mr. Ellis maintains a publicly-available website (http://ellis.carbonmade.com/) that displays his work, he has never actively solicited business from the State of California.  (Id., ¶ 17.)  The mere maintenance of a website of this type does not establish personal jurisdiction.  See Boschetto v. Hansing, 2008 U.S. App. LEXIS 17708 *15 (9th Cir. 2008).

Mr. Ellis' contact with California falls far short of defendants' level of contact in Gates Learjet Corp., (743 F.2d at 1330-31) and Cornelison, (16 Cal. 3d at 149).  Mr. Ellis' contact with

11

BOST_777931.3

California is therefore not "substantial" or "continuous and systematic."  Indeed, the Complaint does not contain any allegations to show how Mr. Ellis has subjected himself to the jurisdiction of the District Court in California – there are simply no allegations establishing contact between Mr. Ellis and the State.  Accordingly, there is simply no factual or legal basis for this Court to exercise general jurisdiction over Mr. Ellis.

> 2.  Mr. Ellis Is Not Subject To Specific Personal Jurisdiction In California Because Plaintiff Does Not Allege That He Engaged In Any Activity Within Or Directed To This Forum

The claims in this action do not satisfy the due process requirements needed to obtain limited jurisdiction over Mr. Ellis.  To obtain specific jurisdiction over a non-resident defendant, the following criteria must be met:  (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purportedly avails himself of the privileges of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.  Dole Food Co. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002).  As set forth more fully below, none of the elements of this test can be met in this case.

> (a)  Mr. Ellis Did Not Purposefully Avail Himself Of The Privileges Of California

In order to justify the exercise of specific personal jurisdiction over Mr. Ellis, Plaintiff must establish that he purposefully availed himself of the privilege of conducting business in California, as "the constitutional touchstone [of the specific jurisdiction analysis] remains whether the defendant purposefully established 'minimum contacts' in the forum state . . . ." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474-75 (1985).  The function of the purposeful availment requirement is to assure that personal jurisdiction is not premised solely upon a defendant's "random, isolated, or fortuitous" contacts with the forum state.  Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 774 (1984).  The proper focus is whether a defendant has

12

BOST_777931.3

1   "engaged in any purposeful activity related to the forum that would make the exercise of

2   jurisdiction fair, just, or reasonable." Rush v. Savchuk, 444 U.S. 320, 329 (1980).

3           The Plaintiff's allegations concerning Mr. Ellis are insufficient to satisfy the purposeful

4   availment prong of specific jurisdiction analysis.  Plaintiff alleges only that Mr. Ellis "took part

5   in the creation, production and/or editing of the infringing documentary film with knowledge of

6   the fact that Defendants' [sic] lacked Plaintiff's authorization and consent to use Plaintiff's

7   copyrighted source materials."  Complaint, ¶ 10; see also Complaint ¶ 27.  These allegations are

8   insufficient to demonstrate that Mr. Ellis purposefully availed himself of the privileges of

9   California.  See Keating-Traynor v. Westside Crisis Ctr., 2006 U.S. Dist. LEXIS 43858, *10-11

10  (N.D. Cal. June 16, 2006) (court found no purposeful availment and dismissed complaint

11  because the defendants did not conduct any activities in California); compare Travelers Health

12  Ass'n v. Commonwealth of Va, 339 U.S. 643, 647 (1950) (purposeful availment found if

13  "business activities reach out beyond one state and create continuing relationships and

14  obligations").

15          Here, what is most apparent from the facts alleged by the Plaintiff and reflected in the

16  Mr. Ellis' declaration is that he has not purposefully availed himself of the privilege of

17  conducting business in California.  Specifically, Mr. Ellis has visited California infrequently –

18  and he never met the Plaintiff or transacted any business with him whatsoever; he has also never

19  owned real property in California; established bank accounts or phone listings here; resided in

20  California; nor has he ever commenced suit or been sued in the Federal or State Courts within

21  California.  Ellis Decl. ¶¶ 2-19.

22          Mr. Ellis' limited and isolated contacts in this forum did not afford him notice that he

23  might individually be haled into court here.  Thus, the exercise of jurisdiction over Mr. Ellis

24  would be unjust and unreasonable.  Accordingly, this Court should decline to exercise specific

25  jurisdiction over Mr. Ellis on the basis that he has not purposefully availed himself of the

26  privilege of conducting business in California.  See Burger King Corp., 471 U.S. at 474-75.

27              (b)     Mr. Ellis' Alleged Conduct Is Not Related To California

28          In order to fulfill the relatedness prong of specific jurisdiction analysis, Plaintiff must

13

BOST_777931.3

1    establish that there is a causal nexus between Mr. Ellis' contacts in California and Plaintiff's

2    claims.  When a plaintiff fails to make allegations that his cause of action arises out of or results

3    from the defendant's activities within the forum, then dismissal is appropriate.  See Sivault Sys.

4    v. Gelf, 2007 U.S. Dist. LEXIS 55114, *5-6 (N.D. Cal. July 18, 2007) (plaintiff's complaint only

5    made allegations about activities occurring in another state, so court ordered dismissal of

6    complaint for lack of personal jurisdiction); Binshyang Song v. Chang, 2005 U.S. Dist. LEXIS

7    16897, *6 (N.D. Cal. Aug., 4, 2005) (court dismissed plaintiff's complaint because it did not

8    contain any allegations that the defendant did any act in this forum).

9         In this case, Plaintiff's allegations against Mr. Ellis concerning the cause of his alleged

10   harm describe Mr. Ellis' alleged role in the creation of a documentary, but the Complaint is silent

11   as to where Mr. Ellis allegedly engaged in those activities.  Accordingly, none of Mr. Ellis'

12   activities are alleged to have occurred in California.  Indeed, Mr. Ellis never engaged in any

13   activities in California related to the facts or circumstances described in the Complaint.  (Ellis

14   Decl., ¶ 5.)  Thus, there is no nexus between Mr. Ellis' alleged conduct and Plaintiff's claims,

15   and the Complaint fails to satisfy the relatedness prong of the jurisdictional test.  See Sivault

16   Sys., 2007 U.S. Dist. LEXIS 55114, *5-6; Binshyang Song, 2005 U.S. Dist. LEXIS 16897, *6.

17        (c)   It Would Be Unreasonable To Exercise Jurisdiction Over Mr. Ellis

18        Although the foregoing is dispositive, it bears mention that the Plaintiff also cannot

19   establish, as he must, that it would be reasonable to hale Mr. Ellis into court in California.  In

20   considering the reasonableness of subjecting a defendant to the jurisdiction of a court in a distant

21   forum, courts consider a variety of factors.  See Harris Rutsky & Co. Ins. Servs., Inc. v. Bell &

22   Clements Ltd., 328 F.3d 1122, 1129 (9th Cir. 2003).  Such factors include "(1) the extent of the

23   defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendant

24   of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state;

25   (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution

26   of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and

27   effective relief; and (7) the existence of an alternative forum."  Id.  Were the Court even to reach

28   this analysis, these factors favor a decision by this Court declining to exercise personal

BOST_777931.3

jurisdiction over Mr. Ellis.  No party contends that Mr. Ellis has interjected himself into the affairs of California; it is plain that the Mr. Ellis' burden of appearing here is high, given that he resides in Massachusetts; California's interest in this dispute is no greater than a state where any of the parties reside; this controversy can be efficiently, conveniently, and effectively resolved without the presence of Mr. Ellis in this action, given the paucity of allegations against him; and – as a last resort – there is an alternative forum available in Mr. Ellis' home state.

For all of the foregoing reasons, this Court should decline to exercise personal jurisdiction over Mr. Ellis in this proceeding and dismiss the Complaint against him.

**B.**   **Dismissal Of All Claims Against Mr. Ellis Is Appropriate Under Federal Rule Of Civil Procedure 12(b)(6) Because Plaintiff Fails To State Claims Upon Which Relief Can Be Granted.**

1.   Because Plaintiff's Copyright Registrations Are Dated After the Alleged Infringement Commenced, Plaintiff's Claims For Statutory Damages And Attorney's Fees Fail As A Matter of Law (First Claim for Relief).

When an alleged copyright violation occurs more than three months before registration of the copyright, no statutory damages or attorneys' fees can be awarded.  See Derek Andrew, Inc. v. Poof Apparel Corp., 528 F.3d 696, 699 (9th Cir. 2008); Title 17 U.S.C. § 412(2).  According to Derek Andrew, Inc., "Title 17 U.S.C. § 412(2) . . . . mandates that, in order to recover statutory damages [under 17 U.S.C. §§ 504 and 505], the copyrighted work must have been registered prior to commencement of the infringement, unless the registration is made within three months after first publication of the work."  528 F.3d at 699.

Here, the Complaint alleges infringement of copyrights in material having alleged effective registration dates in *June* 2008. Complaint, ¶ 33.  However, Plaintiff alleges infringement in *February* 2008, when a short movie was allegedly shown at the at the San Francisco Indie Film Festival.  Id., ¶ 29. As this alleged infringement commenced well before the earliest alleged registration date (June 17, 2008), Plaintiff cannot obtain statutory damages or attorneys' fees, as a matter of law.  See Derek Andrew, Inc., 528 F.3d at 699.  Accordingly, the Plaintiff is not entitled to statutory damages or attorneys' fees under the First Claim For Relief

15

BOST_777931.3

and the requests for the same contained therein must be denied.  Complaint ¶¶ 38, 39.

2.  Plaintiff's Request for "Injunction" Is Not Based on a Cognizable Legal Theory for Permanent Injunctive Relief (Second Claim for Relief).

Plaintiff's request for a permanent injunction against reproducing and distributing "copyrighted materials," fails to present a cognizable legal theory supporting an injunction. Complaint, ¶ 43.

As a threshold matter, Plaintiff's requested relief is impermissibly overbroad, because he requests a permanent injunction against use of his alleged footage "in any way, shape or form." Id.  Such relief exceeds the bounds of the Copyright Act, which provides a fair use exception. Specifically, under 17 U.S.C. § 107, "use by reproduction in copies or phonorecords or by any other means specified by that section, for purposes such as criticism, comment, news reporting, teaching (including multiple copies for classroom use), scholarship, or research, is not an infringement of copyright."  Because Plaintiff seeks to enjoin use "in any way, shape or form," the injunction claim encroaches protected fair use and, accordingly, fails to state a claim on which relief can be granted.  It should be dismissed for this reason.

Moreover, Plaintiff fails to allege sufficient facts to demonstrate that he is entitled to injunctive relief.  To obtain an injunction in a copyright infringement matter, a plaintiff "must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction."  MGM Studios, Inc. v. Grokster, Ltd., 518 F. Supp. 2d 1197, 1208 (C.D. Cal. 2007); quoting eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388 (2006).  The Complaint only recites bare allegations that the Plaintiff "will suffer irreparable injury" and he "has no adequate remedy at law."  Complaint, ¶ 45, 46.  Plaintiff's allegations in this regard are supported by no facts whatsoever.  Moreover, Plaintiff does not make any allegations concerning the balance of hardships and public interest factors required for issuance of an injunction.  Accordingly, the Complaint is marked by a complete "absence of sufficient facts alleged under a cognizable legal theory," to sustain a claim

16

BOST_777931.3

for injunction.  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988).  Thus, this claim for relief should be dismissed.

       3.      Plaintiff's State Law Claims Alleging "Stolen Property" Should Be Dismissed In Their Entirety (Third, Fourth, Fifth, And Ninth Claims For Relief).

Throughout the Complaint, in connection with a number of claims for equitable relief, Plaintiff refers to the notion of "Stolen Property."  See, e.g., Claims for Relief 3 ("Seizure, Impoundment and Return") (Complaint, ¶¶ 48, 50-52), 4 ("Accounting to Recover Royalties and Profits") (Id., ¶¶ 55), 5 ("Unjust Enrichment") (Id., ¶ 60), and 9 ("Replevin – Claim and Delivery") (Id., ¶ 87).  "Stolen Property" is defined as "intellectual and/or personal property created by and belonging to Plaintiff, residing in or on Plaintiff's computer systems."  Id., ¶ 25. The Complaint sometimes refers simply to "Plaintiff's intellectual or personal property"  See, e.g., Claims for Relief 3 (Id., ¶¶ 48, 50), 4 (Id., ¶ 55), 5 (Id., ¶ 60, 61), and 9 (Id.,¶ 87).

To the extent these state law claims seek relief in relation to intellectual property, they are pre-empted by Federal copyright law.  To the extent they seek relief in relation to personal (i.e. tangible) property, they are subject to California's three year statute of limitations for claims relating to personal property.  Combining these two grounds for dismissal, there is nothing left of these stolen property claims, and they should be dismissed in their entirety.

       (a)      Plaintiff's Stolen "Intellectual Property" Claims Should Be Dismissed Under the Doctrine of Pre-Emption.

Insofar as they seek recovery in relation to "intellectual property," Plaintiff's state law claims are pre-empted and must be dismissed.  Pre-emption under the Copyright Act is explicit:

> [A]ll legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, whether created before or after that date and whether published or unpublished, are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

17 U.S.C. § 301.

"The Ninth Circuit employs a two-part test to determine whether the Copyright Act

1    preempts a particular state law claim. Preemption occurs when (1) the work at issue comes

2    within the subject matter of the copyright; and (2) the rights granted under state law are

3    equivalent to those protected by the Act. Celestial Mechanix, Inc. v. Susquehanna Radio Corp.,

4    2005 U.S. Dist. LEXIS 7920, at *17 (C.D. Cal. Apr. 28, 2005). "The first prong of the

5    preemption test is satisfied where the works at issue come within the 'subject matter of

6    copyright' as defined by 17 U.S.C. § 102." Id. Motion pictures – like the one described in the

7    Complaint – are expressly included within the § 102 categories of "works of authorship," and

8    therefore fall with the general scope of copyright protection under 17 U.S.C. § 102(a)(6)

9    (copyright protection for "motion pictures and other audiovisual works").

10        "The second prong of the preemption test is satisfied where the rights protected by state

11   law are 'equivalent' to those protected by the Copyright Act… In conducting this evaluation,

12   'the court should engage in a fact-specific inquiry into the actual allegations underlying the

13   claims at issue in the case, so as to determine whether the 'gravamen' of the state law claim

14   asserted is the same as the rights protected by the Copyright Act'" Celestial Mechanix, Inc.,

15   2005 U.S. Dist LEXIS 7920, at *19. Plaintiff's core allegation in relation to all of his state law

16   claims regarding stolen property is that the video footage and still photographs were copied.

17   Complaint, ¶ 22. This falls squarely within the exclusive right of reproduction protected by

18   copyright law. 17 U.S.C. § 106(1) (exclusive right "to reproduce the copyrighted work in

19   copies").

20        Plaintiff also alleges "distribution" and "use" of raw video footage. See Claims for

21   Relief 3 (¶ 49); 4 (¶ 55); 5 (¶ 60) ("using the film to promote"; "selling, releasing or otherwise

22   distributing"; "incorporating into any medium"). These alleged actions are also within the

23   protection of Copyright Law. See 17 U.S.C. § 106(2) ("to prepare derivative works"); §106(3)

24   ("distribute copies"); § 106(4) ("to perform the copyrighted work publicly"). Thus, the

25   gravamen of Plaintiff's state law allegations are equivalent to the exclusive rights protected by

26   copyright law.

27        State law claims like the ones found in the Complaint are routinely held to be pre-empted

28   by Federal copyright law. See Firoozye v. Earthlink Network, 153 F. Supp. 2d 1115, 1129-1130

18

BOST_777931.3

1   (N.D. Cal. 2001); Idema v. Dreamworks, Inc., 162 F. Supp. 2d 1129, 1193 (C.D. Cal. 2001)

2   ("'intangible' value of the contents of the documents" is proper subject of copyright claim).

3   Thus, Plaintiff's claim for unjust enrichment (claim number 5) is pre-empted.  See Firoozye, 153

4   F. Supp. 2d at 1126-1128 (unjust enrichment pre-empted).  Plaintiff's request for an accounting

5   for royalties and profits attributable to Plaintiff's intellectual property is similarly pre-empted.

6   Montgomery v. Etreppid Techs., LLC., 2008 U.S. Dist. LEXIS 54339, at *10 n.2 (D. Nev. May

7   29, 2008) (noting dismissal with prejudice of claim for accounting, because "the claim is pre-

8   empted by federal copyright law."); Complaint, ¶ 57.

9      Plaintiff's request for "seizure, impoundment and return of all the Stolen Property" (¶ 50

10  (claim number 3)), and replevin (¶¶ 87-88 (claim number 9)) must similarly fail, because

11  Plaintiff is requesting remedies that are already provided for by federal copyright law.  Indeed,

12  seizure impoundment and return (¶ 50) and the "immediate return of the stolen property" (¶ 88)

13  are remedies expressly provided for by copyright law in appropriate circumstances.  See 17

14  U.S.C. § 503 ("Impounding and disposition of infringing articles").  These claims are thus pre-

15  empted by Plaintiff's Copyright claim.

16     For these reasons, each of Plaintiff's state law claims should be dismissed insofar as they

17  make claims for relief for "intellectual property."  This is a complete bar to the intellectual

18  property component of Claims for Relief 3, 4, 5, and 9.

19      (b) Plaintiff's Stolen "Personal Property" Claims Should Be Dismissed

20        Because Plaintiff Asserts Insufficient Facts And They Violate The

21        Applicable Statutes Of Limitation.

22     "In order to survive a dismissal motion [] a plaintiff must allege facts that are enough to

23  raise his/her right to relief 'above the speculative level.'. . . it is 'a plaintiff's obligation to

24  provide the 'grounds' of his 'entitlement to relief [which] requires more than labels and

25  conclusions, and a formulaic recitation of the elements of a cause of action will not do.' Bell

26  Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007)."  In re

27  Dynamic Random Access Memory Antitrust Litig., 536 F. Supp. 2d 1129 (N.D. Cal. 2008).

28     The same state law claims that request relief relating to intellectual property

BOST_777931.3

simultaneously allege taking, retention or injury to Plaintiff's "personal property."  Claims for Relief 3 (¶ 48 and 50-52), 4 (¶ 55), 5 (¶ 60, 61), and 9 (¶ 87).  Plaintiff does not specify or identify what "personal property" is at issue separate and apart from the intellectual property (i.e., footage and photographs) that Plaintiff allegedly copied.  This failure to identify the tangible property at issue fails to raise plaintiff's allegation above the "speculative level," and amounts to nothing more than a "formulaic recitation" of an element of various state law causes of action.  See Twombly, 127 S. Ct. at 1964-65.  If there was harm to Plaintiff's personal property, then he should be able to identify that property, and the alleged harm to that property. His failure to do this makes the allegations implausible.  See Twombly, 127 S. Ct. at 1968 (plausibility required).  The personal property portion of Plaintiff's state allegations should be dismissed on Twombly alone.

Furthermore, each of these "personal property" claims fails because the applicable statute of limitations for actions to recover personal property is 3 years.  See, e.g., Cal. Civ. Proc. Code § 338(c) (three years for "[a]n action for taking, detaining, or injuring any goods or chattels, including actions for the specific recovery of personal property…") (emphasis added). The Complaint alleges that the events in question occurred in 2003.  Complaint, ¶ 23 ("Around the same time …" discussing events in 2003).  As the Complaint was filed more than 5 years after the alleged personal property claims would have accrued, the three year statute of limitations has run on these personal property claims.  For this reason, too, the Plaintiff's state law claims should be dismissed insofar as they make a claim for relief for "personal property."  See Claims for Relief 3, 4, 5, and 9.  As both the intellectual and personal property components of Claims for Relief 3, 4, 5, and 9 fail to state a claim, nothing remains of these state law claims.  Accordingly, they should be dismissed in their entirety.

## IV.   **CONCLUSION**

For the reasons stated above, Defendant Andrew Ellis respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety with prejudice.

BOST_777931.3

1

FOLEY & LARDNER LLP

2

Dated:  September 8, 2008                    By: _____/S/_____

3                                                    KIMBERLY K. DODD
                                                     ATTORNEYS FOR DEFENDANT ANDREW ELLIS

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

21

BOST_777931.3