IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY SHADE,<br><br>    Plaintiff,<br><br>   v.<br><br>DANIEL PATRICK GORMAN, *et al.*,<br><br>    Defendants.<br>_____ / | No. C 08-3471 SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS; DENYING DEFENDANT'S ANTI-SLAPP MOTION** |

On December 12, 2008, the Court heard argument on defendants' motion to dismiss the complaint. For the reasons set forth below, the Court GRANTS in part and DENIES in part the motion to dismiss, GRANTS LEAVE TO AMEND, and DENIES defendant's anti-SLAPP motion.

**BACKGROUND**

Plaintiff recorded photographs and video footage while in Central Asia immediately following the events of September 11, 2001. In 2003, the parties entered a preliminary agreement regarding defendant's production of a documentary using plaintiff's raw video footage. On March 15, 2003, the parties memorialized their agreement, the scope of which they dispute, in a "Letter of Intent" ("LOI"). The LOI allows defendant to use plaintiff's photographs and video footage to produce a documentary, and provides that "[c]ontent will be mutually agreed upon by Greg Shade and Daniel Gorman, with final approval by both parties." Compl., Ex. A. The LOI concludes: "This agreement demonstrates good faith intent between the two parties . . . until a full and comprehensive contract is drafted and signed by both parties within one week of the signing of this document." *Id.*

Pursuant to the parties' intent to work together on the production of a documentary, plaintiff

1  gave defendant access to various files on his computer. Defendant proposed ideas for the documentary,
2  but the parties were unable to come to an agreement. Plaintiff alleges that the parties terminated their
3  business dealings in April of 2003. Plaintiff further alleges that in January of 2008 he learned that
4  defendant had retained and used plaintiff's still photographs and video footage without his permission,
5  in the creation of a documentary entitled *American Hero*, which was shown at the San Francisco Indie
6  Film Festival in February of 2008.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Howard v. Everex Systems*, 228 F.3d 1057, 1060 (9th Cir. 2000). Even if the face of the pleadings suggests that the chance of recovery is remote, the Court must allow the plaintiff to develop the case at this stage of the proceedings. *United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

**I.      Motion to dismiss**

      **A.      Copyright Infringement**

Plaintiff alleges that he owns copyrights to raw and compiled video footage and still photographs

2

that defendant incorporated into a documentary film titled *American Hero*. He alleges that he obtained registration of his copyrights to the compiled video footage on June 17, 2008, and to the still photographs on June 30, 2008. Plaintiff alleges that defendant Gorman violated his copyrights by using video footage and photographs in *American Hero*, and that defendant Framebird is committing ongoing violations by featuring a video clip on its website. The alleged infringements began at the latest on February 17, 2008 when *American Hero* was shown at the San Francisco Indie Film Festival. Compl. ¶ 29.

Defendant moves to dismiss plaintiff's claims for statutory damages and attorneys' fees because such relief is not available for infringements that commenced before registration. *See* 17 U.S.C. § 412. Plaintiff concedes that he may not recover statutory damages and attorneys' fees for any pre-registration infringement, but contends that he may recover such relief for post-registration infringement. However, the Ninth Circuit recently held that "Section 412(2) mandates that, in order to recover statutory damages, the copyrighted work must have been registered prior to commencement of the infringement, unless the registration is made within three months after first publication of the work." *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 699 (9th Cir. 2008). The same holds true for recovery of attorneys' fees. *Id*. Thus, because the alleged infringement began on February 17, 2008, which is more than three months before plaintiff obtained registration of the copyrights, plaintiff may not recover statutory damages or attorneys' fees under the Copyright Act, and the Court GRANTS defendant's motion in this respect.

Defendant also moves to dismiss plaintiff's claims for actual damages and injunctive relief. The complaint seeks "actual damages" "to be proven at the time of trial." Compl. ¶¶ 38, 40. In his opposition, plaintiff asserts that he is entitled to recover as damages the $50,000 he allegedly spent to produce the video footage and still photographs. Defendant contends that these are not the type of damages that are available under the Copyright Act. The Court finds it unnecessary and premature to resolve these questions at the pleading stage. The complaint simply seeks actual damages to be proven at the time of trial. If plaintiff prevails on the copyright claim, the Court will address the issue of damages at that time.

Similarly, defendant moves to dismiss plaintiff's claim for injunctive relief on the ground that

1  it is overbroad and inconsistent with the purpose of the Copyright Act, which provides an exception for
2  fair use. Defendant also contends that plaintiff is not entitled to injunctive relief because the allegations
3  that plaintiff will suffer irreparable injury and that plaintiff has no adequate remedy at law are
4  unsupported by facts. The Court finds that these arguments are premature as they go to whether plaintiff
5  is ultimately entitled to any injunctive relief. Accordingly,to the extent defendant seeks to dismiss
6  plaintiff's claims for actual damages and injunctive relief under the Copyright Act, the Court DENIES
7  defendant's motion.[1]

### B. Computer Fraud and Abuse Act

The Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, makes it unlawful for anyone to access a protected computer without authorization, or in excess of authorized access, and thereby obtain, alter or damage information or data. Defendant contends that plaintiff has "pled himself out of a CFAA claim" because although the complaint alleges that defendant accessed plaintiff's computer "without authorization," the complaint also alleges facts admitting that initial access of his computer system was authorized. *See* Compl. ¶ 23. In response, plaintiff asserts that the complaint was "intended" to allege that defendant exceeded authorization because although plaintiff gave defendant permission to use the computer, plaintiff did not give defendant permission to obtain and remove information from that computer. The Court finds that read as a whole, the complaint sufficiently alleges an "exceeding authorization" claim.

Defendant also argues that plaintiff did not plead fraud with particularity. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The Ninth Circuit has interpreted this rule to require pleadings to specify "the time, place, and nature of the alleged fraudulent activities." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). Defendant argues that plaintiff's complaint merely restates the CFAA's legal standard and does not provide particularity as to the nature or circumstances of the alleged fraud.

---

[1] Plaintiff concedes that the "claim" for injunctive relief is not a separate claim but really a request for a remedy.

4

The Court disagrees. Plaintiff alleges that defendant accessed his computer without authorization, and that he stole plaintiff's property with the intent to make a film against plaintiff's authorization. The Court finds that plaintiff has complied with Rule 9(b), and defendant's motion to dismiss under this rule is accordingly DENIED.

Defendant also argues that plaintiff's claim is barred by the two-year statute of limitations under 18 U.S.C. § 1030(g), which requires that any action under the CFAA be brought within two years of the discovery of the damage. Plaintiff alleges that he did not know that defendant had removed files from plaintiff's computer until he learned that defendant had made *American Hero*. Defendant contends that plaintiff's claim of delayed discovery of the alleged computer fraud is conclusory and "highly implausible." Def.'s Mot. Dismiss at 11. The Court finds that whether plaintiff's CFAA claim is time-barred raises factual issues that are inappropriate for resolution on the pleadings. After discovery defendant may renew the timeliness arguments in a motion for summary judgment.

### C. Breach of Contract

Plaintiff alleges that the parties entered into an agreement memorialized as the "Letter of Intent" ("LOI"). *See* Compl., Ex. A. The LOI states that "[c]ontent [of the documentary] will be mutually agreed upon by Greg Shade and Daniel Gorman, with final approval by both parties." Compl., Ex. A. Plaintiff contends that defendant breached this agreement when he created, published and distributed *American Hero* without plaintiff's authorization or consent, without a final written agreement in place, and for purposes other than those the LOI contemplated. Defendant responds that "[b]y its plain terms, the LOI, signed in 2003, was a non-binding agreement to negotiate in good faith for a one week period of time." Def.'s Mot. Dismiss at 9. Defendant highlights an excerpt of the LOI which states that the agreement represents the parties' good faith intent "until a full and comprehensive contract is drafted and signed by both parties within one week of the signing of this document." Compl., Ex. A.

To support its position, defendant relies on *Beck v. American Health Group International*, 211 Cal. App. 3d 1555, 1562 (1989). In *Beck*, the California Court of Appeal summarized the relevant principles of contract law as follows:

Whether a writing constitutes a final agreement or merely an agreement to make an

5

> agreement depends primarily upon the intention of the parties. In the absence of ambiguity this must be determined by a construction of the instrument taken as a whole. Preliminary negotiations or an agreement for future negotiations are not the functional equivalent of a valid, subsisting agreement. A manifestation of willingness to enter into a bargain is not an offer if the person to whom it is addressed knows or has reason to know that the person making it does not intend to conclude a bargain until he has made a further manifestation of assent. Thus, where it is part of the understanding between the parties that the terms of their contract are to be reduced to writing and signed by the parties, the assent to its terms must be evidenced in the manner agreed upon or it does not become a binding or completed contract. The words of a written instrument are generally to be understood in their ordinary and popular sense. The objective intent as evidenced by the words of the instrument, not the parties' subjective intent, governs our interpretation.

*Id.* (citations and quotations omitted). In *Beck*, the court concluded that a preliminary letter between the parties, which they represented as an "outline for our future agreement," did not constitute a contract, particularly because it concluded: "When we have a draft, we will discuss it, and hopefully shall have a completed contract and operating unit in the very near future." *Id.* at 1563.

Here, the "Letter of Intent," by its very title, appears not to be a contract itself, but rather it embodies the parties' intent to enter a contract. The LOI concludes: "This agreement demonstrates *good faith intent* between the two parties . . . *until a full and comprehensive contract is drafted and signed by both parties within one week of the signing of this document*." Compl., Ex. A (emphasis added). Pursuant to California contract law, the Court finds that the "objective intent as evidenced by the words of the instrument," *Beck*, 211 Cal. App. 3d at 1562, rather than the parties' subjective intent, demonstrates that the LOI is not a binding contract. Rather, it constitutes a preliminary agreement that expired when the parties failed to sign a "full and comprehensive contract." Compl., Ex. A. Accordingly, the Court GRANTS defendant's motion to dismiss plaintiff's sixth claim for breach of contract.

### D.     Property Claims

Defendant moves to dismiss plaintiff's third, fourth, fifth, seventh, and ninth claims for relief. Plaintiff concedes that the claims for "seizure, impoundment and return" (third claim), and "replevin" (ninth claim) are not stand-alone causes of action, but rather remedies for the copyright cause of action. Accordingly, the Court GRANTS defendant's motion to dismiss these claims, but will allow plaintiff to seek such relief under the copyright claim. *See* 17 U.S.C. § 503.

6

Plaintiff's fourth claim is for an accounting, the fifth claim is for unjust enrichment, and the seventh claim is for conversion. Defendant contends that to the extent these claims relate to intellectual property as opposed to physical property, they are preempted by the Copyright Act. Plaintiff appears to concede that point, and only contends that the claim for conversion, insofar as it seeks return of plaintiff's physical property, is not preempted. *See* Opposition at 12:5-12.

The Copyright Act expressly preempts any state law or claim asserting "rights equivalent to any of the exclusive rights" granted under the Act.[2]  17 U.S.C. § 301. In general, to determine whether a state law claim is preempted by the Copyright Act, the Court must determine:  (1) whether the "subject matter" of the state law claim falls within the subject matter of copyright; and (2) whether the rights asserted in the state law claim are "equivalent" to the rights granted by the Copyright Act. *Laws v. Sony Music Entertainment, Inc.*, 448 F.3d 1134, 1137-38 (9th Cir. 2006). To survive preemption under the second element of the test, plaintiff's cause of action must have an "extra element" which changes the nature of his action from a copyright claim. *Valente-Kritzer Video v. Pinckney*, 881 F.2d 772, 776 (9th Cir.1989).

The Court finds that plaintiff's claims for an accounting and unjust enrichment are preempted because the gravamen of these claims is that defendant surreptitiously copied plaintiff's raw footage and photographs, used those materials to make *American Hero*, and that defendant has benefitted as a result. As such, these claims rest on the same facts, and assert the same rights, as plaintiff's copyright claim. *See Firoozye v. Earthlink Network*, 153 F.Supp.2d 1115, 1128 (N.D. Cal. 2001) (dismissing unjust enrichment claim without prejudice on a 12(b)(6) motion because "plaintiff's unjust enrichment claim, which at its core alleges that the defendants unfairly benefitted from their unauthorized use of WebStash, is equivalent to the rights protected in section 106 of the Copyright Act and is therefore preempted." ); *Zito v. Steeplechase Films, Inc.*, 267 F.Supp.2d 1022, 1027 (N.D. Cal. 2003) (dismissing claim on a 12(b)(6) motion because "[w]hile a claim for unjust enrichment may require proof that a benefit was conferred on the defendant, where the unjust enrichment arises from defendants'

---

[2] The exclusive rights granted under the Copyright Act include the rights: "to reproduce the copyrighted works in copies," "to prepare derivative works based upon the copyrighted work," "to distribute copies . . . to the public," and "to display the copyrighted work publicly."  17 U.S.C. § 106.

7

unauthorized use of a copyrighted work, such an extra element does not qualitatively change the rights at issue, the rights the plaintiff holds in the copyrighted work, and does not avoid preemption." ).

A conversion claim seeking the return of tangible property is not preempted. *Oddo v. Ries*, 743 F.2d 630, 635 (9th Cir. 1984). "While conversion is generally immune from preemption because it involves tangible property, conversion actions seeking only damages for reproduction of the property – not return of tangible property – are preempted by the Copyright Act." *Mktg. Info. Masters, Inc. v. Bd. of Tr. of Calif. State Univ.*, 552 F. Supp. 2d 1088, (S.D. Cal. 2008) (citing *Firoozye v. Earthlink Network*, 153 F. Supp. 2d 1115, 1130 (N.D. Cal.2001)). As alleged, plaintiff's conversion claim appears solely to seek damages. *See* Compl. at 13 ("For damages according to proof, plus interest at the legal rate."). However, plaintiff's opposition states that plaintiff seeks the return of tangible property, and the Court notes that the complaint seeks such relief under the replevin "cause of action" ("[t]he immediate return of Stolen Property, including *inter alia*, the raw and compiled video footage and still photographs. . . ."). Compl. at 13. Accordingly, the Court GRANTS plaintiff leave to amend the conversion claim to seek the return of plaintiff's tangible property. As amended, that claim would not be preempted because it seeks an "extra element" beyond the federal copyright claims. *See Valente-Kritzer Video*, 881 F.2d at 776.[3]

## II.   Anti-SLAPP

Defendant moves to strike plaintiff's state law claims under California's "Anti-SLAPP" (strategic lawsuit against public participation) statute. *See* Cal. Code of Civ. P. § 425.16. The California anti-SLAPP statute permits defendants to bring a "special motion to strike" if a cause of action against them arises "from any act . . . in furtherance of the . . . right of petition or free speech . . . in connection with a public issue," unless "the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." Cal. Code Civ. Proc. § 425.16(b)(1). "In making its determination, the court shall consider the pleadings, and supporting and opposing affidavits stating the

---

[3] Defendant also contends that the conversion claim is time-barred. For the reasons stated earlier, the Court finds that whether this claim is untimely raises factual matters that the Court cannot resolve at this stage of the litigation. Defendant may renew this contention after discovery.

facts upon which the liability or defense is based." *Id.* at § 425.16(b)(2). If a defendant prevails in bringing a motion to strike, that defendant "shall be entitled to recover his or her attorney's fees and costs." *Id.* § 425.16(c). Although it is a state statute, California's anti-SLAPP protections apply to state law claims brought in federal court. *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 971-73 (9th Cir. 1999). In evaluating an anti-SLAPP motion, courts engage in a two-part inquiry. "First, a defendant must make an initial *prima facie* showing that the plaintiff's suit arises from an act in furtherance of the defendant's rights of petition or free speech . . . Second, once the defendant has made a *prima facie* showing, the burden shifts to the plaintiff to demonstrate a probability of prevailing on the challenged claims." *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1110 (9th Cir. 2003).

Defendant argues that because plaintiff's suit arises from defendant's creation, publication and use of a documentary film, which falls within the scope of defendant's First Amendment rights, the Anti-SLAPP statute applies to all of plaintiff's claims. Plaintiff argues that the free speech guarantees under the state and federal constitutions do not confer a right to distribute stolen materials or materials in violation of copyright law.

The Court concludes that even assuming defendant has made a *prima facie* showing that this suit arises from defendant's constitutionally protected speech, plaintiff has met his burden of showing a probability of prevailing on the remaining state law claim, conversion. The California Supreme Court has emphasized that the plaintiff's burden is minimal. "[I]n order to establish the requisite probability of prevailing . . . the plaintiff need only have stated and substantiated a legally sufficient claim." *Navellier v. Sletten*, 29 Cal. 4th 82, 88 (2002) (internal citations and quotations omitted). "Put another way, the plaintiff must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Wilson v. Parker, Covert & Chidester*, 28 Cal. 4th 811, 821 (2002). "Only a cause of action that satisfies both prongs of the anti-SLAPP statute – i.e., that arises from protected speech or petitioning and lacks even minimal merit – is a SLAPP, subject to being stricken under the statute." *Navellier*, 29 Cal. 4th at 89. Here, if plaintiff's evidence is believed, defendant obtained and/or copied plaintiff's footage and photographs without plaintiff's permission, used those materials to make *American Hero*, and retains possession of those materials to this day. This Court finds that

plaintiff has made a sufficient showing to defeat defendant's anti-SLAPP motion.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS in part and DENIES in part defendant's motion to dismiss, and GRANTS plaintiff leave to amend. Plaintiff shall file an amended complaint by **February 6, 2009**. The Court DENIES defendant's anti-SLAPP motion to strike. (Docket No. 27).

**IT IS SO ORDERED.**

Dated: January 28, 2009

SUSAN ILLSTON
United States District Judge